McKenzie & Currie, *v.* McColl, Judge, &c. use.

PHELAN, for the plaintiffs in error, cited, Meek's Supplement, 108.

No counsel appeared for the defendant.

---

## McKenzie & Currie v. McColl, Judge, &c. use.

1. The real estate of an intestate was sold by commissioners under the order of an Orphan's Court and a note taken from the purchaser; at the same time it was agreed between the commissioners and the purchaser, that the note should be paid only in proportion to the interest it should afterwards appear the intestate had in the land; a suit being brought in Equity to ascertain the intestate's interest, during its pendency, an action was brought on the note, to which the foregoing facts were specially pleaded in bar.—*Held*, that the plea was had on demurrer, and if the matter was available as a defence, it should be pleaded in abatement.

2. If in an action on a promissory note, the jury return a verdict for an amount beyond what appears from the declaration to be due, the defendant, instead of prosecuting a writ of error, should seek its correction, by asking a new trial.

3. It is not error to charge a jury that the Orphan's Court when regularly applied to, had the right to authorize the sale of the real estate of deceased persons to pay debts, and that a sale made under an order of that court would transmit the title—there being nothing in the record to show its incorrectness, or that the intestate had not at the time of his death, both the legal and equitable estate coupled with the possession.

THE defendant in error, brought an action of *assumpsit* against the plaintiffs in the Circuit Court of Barbour, on a promissary note, of the following tenor.

"$1836.66-100: Six months after date, we or either of us promise to pay Alexander McColl, Judge of the County Court

of Barbour county, or bearer, eighteen hundreed, thirty-six 66-100 dollars, value received.

February 4, 1839.

DANIEL McKENZIE,
JOHN CURRIE."

The defendants pleaded:

1. *Non Assumpsit.*
2. Failure of consideration.
3. Want of consideration.
4. That the note declared on, was given in part consideration of certain lands of James Pugh, deceased, sold to said McKenzie, under an order of the Orphans' Court. The amount of Pugh's interest in the lands being uncertain, the same being claimed by one John Currie, as having been purchased by Pugh, for his use, it was at the time of the sale and making the note, agreed by the commissioners with McKenzie, that the note in suit, and other notes given for the purchase money of the lands, should be paid only in proportion to the interest which it might be afterwards decided Pugh had in the lands. And the defendants aver that a suit is now pending in equity to ascertain the interest of Pugh, in the lands.

There was a demurrer to the fourth plea, and although no judgment appears to have been rendered thereon, yet the parties have admitted on the record, that there was a judgment sustaining it; the record does not show that issues were joined on the first, second and third pleas; the case however, was submitted to a jury, as the judgment entry recites, on issue joined, and a verdict was returned for the plaintiff, for the amount of the note and interest.

On the trial, the defendants excepted to the ruling of the Court. By the bill of exceptions, it is shown that the note sued on was given for the lands of an insolvent intestate, sold by commissioners, under an order of the Orphans' Court of Barbour county. At the time of the sale, a stranger was in possession, and has been ever since, though there was some evidence tending to show the defendant's assent to that possession. It appeared that the intestate's title to the lands being disputed, the commissioners, at the time of the sale and making the note, gave the defendants a memorandum in writing, by which it was agreed between them and defendant, that the note should be

paid, only in proportion to the interest, it should afterwards appear intestate had in the lands. It also appeared, that a case was pending in chancery, at the suit of the intestate's surviving partners, claiming the lands as partnership funds, and seeking to apply them to partnership debts.

The Court charged the jury, that the Orphans' Court had jurisdiction of the subject, and that a sale under an order of that Court would transmit the title.

The Court further charged, that although the memorandum might have the effect of so modifying the note, that it should not be the subject of a suit, while the litigation of the title was undecided, yet the defendant could not avail himself of such a defence under the state of the pleadings; that it could only be taken advantage of by plea in abatement, or subsequent to a judgment, and after a decree was made by bill in equity. To which charges the defendants excepted, &c. and a judgment being rendered on the verdict of the jury, the defendants have prosecuted a writ of error to this Court.

BUFORD, for the plaintiffs in error—contended:

1. The demurrer was improperly sustained to the fourth plea. The facts alleged in that plea may have been admissible as evidence under the general issue, yet that would only make it bad on special demurrer, while all demurrers in this State, are to be considered as general. Aik. Dig. 9; 1 Chitty's Plead. 500

2. The verdict and judgment are for a larger amount than was due on the note for principal and interest.

3. The first charge was too broad, and was calculated to mislead the jury, and is indefensible in itself. The second charge is also opposed to authority and practice. 1 Chitty's Plead. 470, 1, 2 and 3.

HARRIS, for the defendant—insisted:

1. The matter set out in the fourth plea, is not available in bar of the action, but should have been pleaded in abatement. Perkins v. Gilman, 8 Pick. Rep. 229; Winans v. Huston, 6 Wend. Rep. 471: see also 11 Pick. Rep. 156.

2. The second ground of objection cannot be entertained on error, as the judgment was rendered on a verdict; if the defendants are aggrieved by the recovery of a sum beyond what

was due, they should have applied to the Circuit Court for a new trial. Baldwin v. Stebbins, Min. Rep. 180.

3. So far as the evidence is disclosed by the bill of exceptions, there is no error in the first charge, and the Court will not intend that other facts were proved at the trial, for the purpose of reversing. Johnson v. Ballew, 2 Porter's Rep. 29. The argument on the fourth plea, shows that the second charge was entirely correct.

COLLIER, C. J.—The matter set out in the fourth plea, does not show that the plaintiff never can maintain an action for the non-payment of the note declared on, and is improperly pleaded in bar. Wherever the subject matter of the defence is, that the plaintiff cannot maintain an action at any time, it should generally be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the defendant is forever concluded, should, in general, be pleaded in abatement. 1 Chitty's Plead. 434.

In the case before us, the plea, at most, shows that the plaintiff's right of action was suspended by the agreement made with the commissioners, until it was ascertained what interest Pugh had at the time of his death, in the lands sold by them. If it should be determined that he had none, then and not sooner were the defendants relieved from the contingent liability to pay their note. The facts alleged then, are a mere assertion that the action was prematurely brought, and according to a well established principle, must have been pleaded in abatement. 1 Chitty's Plead. 443; Collier v. Crawford, Minor's Rep. 100. The matter of the plea may be assimilated to a covenant, not to sue within a given time, or until the happening of a certain event; if the suit is brought too soon, the action can only be abated. Prescott v. Tufts, 7 Mass. Rep. 209; 5 Dane's Ab. Ch. 176, Art. 9. § 10; Platt on Cov. 574. But where there is a covenant perpetual not to sue, it amounts to a release, and may be pleaded in bar. Platt on Cov. 574.

2. The judgment, if not for the precise sum due on the note, is for very little more; but even were it otherwise, it furnishes no ground for its reversal or correction. The jury have ascertained by their verdict, what the plaintiff was entitled to recover, and the judgment conforms to their finding; and the de-

fendants remedy according to repeated decisions of this Court, was by an application to the Court below, for a new trial. Baldwin v. Stebbins, Minor's Rep. 180; Moore v. Coolidge, 1 Porter's Rep. 280.

3. The first charge of the Circuit Court, may, under some circumstances, have been improper, while under others, it would be strictly correct, but there is nothing in the record to show that it was unauthorised. The intestate, Pugh, for any thing appearing to the contrary, may have had both the legal and equitable estate coupled with the possession. Upon that supposition the charge is unobjectionable; for the law vesting the Orphans' Court with authority to decree the sale of the real estate of deceased persons for the payment of debts, &c. its decree would have the effect to transmit the title of lands thus sold to the purchaser. Beyond this, we do not understand the charge to go.

What we have said upon the demurrer to the fourth plea, shows that the second charge of the Court was quite as favorable to the defendants, as the law would permit.

There is no available error in either of the points made by the plaintiffs in error, and the judgment of the Circuit Court is consequently affirmed.

Judge GOLDTHWAITE being related to the person for whose use the action was brought, did not sit in this cause.