# CASES

IN

# THE SUPREME COURT

## OF ALABAMA.

### JUNE TERM, 1873.

## Drake & Wife *v.* Johnston & Seats.

*Action against Husband and Wife for Necessary Family Supplies.*

50    1
102   216
102   577

50    1
128   281

50    1
136   330

1. *Amendment of judgment nunc pro tunc; return to certiorari.* — When a judgment is amended *nunc pro tunc*, pending an appeal, the amendment is properly included in the return to a *certiorari* afterwards granted.

2. *Judgment for greater sum than claimed in complaint.* — Where the judgment is by default, with writ of inquiry; and the verdict of the jury, on the execution of the writ, is for a greater amount than the sum claimed in the complaint, with interest thereon, — this is not a matter which is available on error.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. WM. J. HARALSON.

F. P. WARD, for appellants.

L. P. WALKER, *contra.*

PETERS, C. J. — The appellants move to set aside the return of the *certiorari*. This motion is based on two grounds, which are stated in the brief of counsel in these words: "1. That it embraces the amendment to the record made in the circuit court after the appeal was taken." "2. That it does not include the bill of exceptions, by which appellants reserved their objections to the allowance of the amendment by the court below."

It appears from the record that the appeal in this case was taken on the 12th day of June, 1871, and made returnable to the January term of this court, in 1872. On the 19th day of June, 1872, a *certiorari* was issued from this court, to bring

VOL. II.                    1

up a perfected record. It was directed to be returned *instanter*. It was so returned, on the 26th day of June, 1872. The transcript of the record thus brought up to this court shows that the original record in the court below was amended in that court, on the 12th day of May, 1872, which was after the appeal was taken in this case. On this fact we suppose one of the objections above taken is made. Such an objection is insufficient. The amendment of the record in the court below simply makes the record speak the truth. The power to do this is inherent in the court where the record is made. Its exercise is necessary, in order to secure the ends of justice. This case is unlike *Townsend* v. *Jeffries, Adm'r*, 24 Ala. 329. Here, the amendment was made before the *certiorari* was issued. In the case above mentioned, it was not made at the time the *certiorari* was applied for, and the writ was denied. This objection does not fall within the principle of the case quoted and relied on by the appellants.

The second objection is not so clear. It appears that there is a bill of exceptions sent up in the amended record. But whether this is the one referred to in the objection, is not very evident. Whether this is so or not, it would be no ground to set aside the return of the *certiorari*. If the transcript was still imperfect, and unsatisfactory to the appellants, they could have it perfected in their own behalf, and upon their own motion. Either party is entitled to a *certiorari*, in a proper case, to perfect the record. But the cause has been submitted on the motion above said, and on the transcript as it appears in its corrected form. The motion of the appellants to set aside the return of the *certiorari* is denied, with costs.

2. The case made upon the merits, depends upon the errors assigned. They are three, and are set down in the following words: "1. The court below erred in rendering judgment against the appellants, without service of process." "2. The court below erred in rendering the judgment against the appellants, without return, proof, acknowledgment, or service of process." "3. The court below erred in rendering the judgment for a larger sum than was claimed in the complaint of the appellees." The completed record shows that the first and second assignment of errors are not sustained. This shows that due notice of process was served upon the appellants, who were defendants in the court below.

This is an action of *assumpsit* against the husband and wife, on an account, or verbal contract, "for articles of comfort and support of the household." Rev. Code, §§ 2376, 2377. The sum demanded in the complaint is $262.44, due by account on July 1, 1870, and interest thereon. The defendants failed to appear and defend, and the judgment was rendered

[Nelson v. Holly.]

by default, on the 26th day of April, 1871, with a writ of inquiry to ascertain the amount of the damages. Upon the execution of this writ, the jury ascertained the damages to be $444.77, besides costs. For the amount of damages thus ascertained, the court rendered a judgment; and the appellants now insist, that this discrepancy between the sum claimed and the verdict of the jury is error, for which the judgment should be reversed.

The judgment by default, in the court below, admits the right of the plaintiffs in that court to recover some amount of damages. *McGehee* v. *Childress*, 3 Stew. 506. This amount having been fixed by the verdict of a jury, if unobjected to, is final in this court. *Baldwin* v. *Stibbens*, Min. 180 ; *Peters* v. *Johnson & Connelly*, Min. 100. This court has no power to set aside a verdict rendered in the court below, if rendered in the regular course of the prescribed rules of practice. The correctness of the amount of the verdict cannot be inquired into on appeal to this court, if it has not been objected to in the court below. *Moor* v. *Coolidge*, 1 Port. 280 ; *Moore* v. *Bradford*, 3 Ala. 550 ; *McKenzie & Currie* v. *M'Coll*, 3 Ala. 516. This disposes of all the assignments of error, adversely to the appellants.

The judgment of the court below is, therefore, affirmed.