# Ritch v. Thornton.

*Attachment by Landlord, against Tenant's Crop.*

1. *What errors avail, after judgment by default, or nil dicit.*—After judgment by default, or by *nil dicit*, if the complaint contains a substantial cause of action (Code, § 3158), formal defects are not available on error.

2. *Statute of frauds; declaring on contract void under.*—In declaring on a contract which is required to be in writing (Code, § 2121), it is not necessary to aver in the complaint that it was reduced to writing; and although the complaint may show that the contract was not reduced to writing, the statute of frauds must be pleaded, or it will be held to have been waived.

3. *Verdict in excess of amount claimed.*—When a verdict is rendered for a greater amount than is claimed, or greater than is actually due, the error may be cured on motion for a new trial, but is not available to reverse the judgment on appeal.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN HENDERSON.

This action was brought by R. S. Thornton, against J. R. Ritch and T. L. Bryant; and was commenced by attachment against the defendants' crop, raised on lands rented to them by the plaintiff during the year 1878. The attachment was sued out on the 28th October, 1878, on the ground that the defendants had removed a portion of the crop from the rented premises, without the landlord's permission, and without paying the rent due for the year. The contract of renting, as stated in the affidavit for the attachment, and also in the complaint, was for three years, commencing on the 1st January, 1877, at an annual rent of $520, payable on the 1st January each year; and it was not alleged that the contract was reduced to writing. The defendants appeared, and filed several pleas; but they afterwards withdrew their pleas, and judgment was rendered by *nil dicit*; and on the execution of a writ of inquiry, the jury having assessed the plaintiff's damages at $547.70, judgment final was rendered in his favor for that amount. The errors now assigned are—

1st, that the complaint and judgment-entry, taken together, show that the contract sued on was void under the statute of frauds ; 2d, that the verdict and judgment were for $547.70, while the record shows that the amount due was only $547.60.

WALDEN & SON, and BRAGG & THORINGTON, for appellants.

WM. H. DENSON, contra.

BRICKELL, C. J.—The errors assigned in this cause have been examined, and are not available to reverse the judgment. It is conceded by the counsel for the appellants, that the complaint contains a substantial cause of action— that it was unnecessary to aver specially that the contract declared upon was in writing. The Code declares, that " no judgment can be arrested, or annulled, or ·set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action."—Code of 1876, § 3158. If . it be admitted, that it can be fairly collected from the record that the contract, the foundation of the suit, was not in writing, and therefore was void under the statute of frauds, the invalidity of the contract was matter of defense, which was waived by the failure to plead it.—*Patterson v. Ware*, 10 Ala. 444.

A judgment rendered upon, and conforming to a verdict, can not be reversed, because the damages exceed the amount claimed, or the amount really due. The remedy is by motion for a new trial in the court below, where the error may be cured by a release of the excess, or such other order made as the justice of the case may require.—1 Brick. Dig. 776, § 39. If the excess of ten cents, now claimed, is not within the curative influence of the maxim, *lex de minimis non curat*, from its burdens the appellants ought to have obtained relief, by a motion to the primary court.

The judgment is affirmed.