# Gilliland *v.* Dunn & Co.

136  327
f139  662

*Action on Promissory Note.*

1. *Evidence; impeaching witness; evidence at former trial.*—In an action on a note, where defendant testified that the note had been altered since its execution, he may be asked if he testified to any alteration of the note on the former trial—the evidence being relevant, and the question not being calculated to mislead the witness or jury to defendant's prejudice.

2. *Same; authority of agent; conclusion.*—Where defendant claims that a note was given in consideration of a promise made through plaintiff's agent to refrain from a criminal prosecution, the agent, having as a witness denied making such promise, may further testify, as corroborating such denial, that he had no authority from plaintiff to make it.

3. *Agent; how far acts binding on principal; contracts.*—One who seeks to avail himself of a contract made by another as his agent is bound by the representations made and methods employed by the agent to effect that contract.

4. *Charge of court; misleading charge.*—The giving of a misleading charge will not effect a reversal, where an explanatory charge could have been asked and was not.

5. *Trial; argument to jury.*—A breach of propriety by plaintiff's counsel addressing to the jury, instead of to the court, an argument as to the law of the case, will not cause a reversal where defendant's counsel had argued the same matter to the jury.

[Gilliland v. Dunn & Co.]

6. *Verdict; amount; appeal.*—An objection that the evidence did not support the verdict as to amount, presented for the first time in the appellate court and without exception in the lower court, will not effect a reversal.

7. *Agent; authority.*—Authority to an agent to collect a debt does not give him authority to promise to do an unlawful thing.

APPEAL from Chambers Circuit Court.

Tried before Hon. N. D. DENSON.

Action by appellees against appellant on a promissory note. The court, at plaintiff's request, charged the jury that "Authority to an agent to collect a debt does not give him authority to promise to do an unlawful thing."

Other facts are shown by the opinion. From a judgment for the plaintiffs defendant appeals.

BARNES & DUKE, for appellant.—A principal who seeks to avail himself of a contract made by another for him is bound by the representations made and the methods employed by the agent to effect such contract. *Williamson v. Tyson*, 105 Ala. 644; *Elwell v. Chamberlain*, 31 N. Y. 611; *Atwood v. Wright*, 29 Ala. 346; *Haskell v. Starbird*, 152 Mass. 117; *Busch v. Wilcox*, 82 Mich. 336; *Griswold v. Gebbie*, 126 Penn. 353.

GRAHAM & STEINER, *contra.*—An agent must not go beyond the scope of his authority; and a person dealing with him is charged with the duty of ascertaining that authority and governing himself accordingly.—Ewell's Evans Agency, 15; *Powell v. Henry*, 96 Ala. 412; *Ullman v. Myrick*, 93 Ala. 532; *Scales v. Mount*, 93 Ala. 82; *Gulf City Const. Co. v. L. & N. R. R. Co.*; 121 Ala. 621.

SHARPE, J.—One of the issues in this cause being whether the notes sued had been altered after their execution, and one of defendants having testified there had been such alteration, the plaintiff had the right to have him state on cross-examination, whether on a former trial of the same cause he gave like testimony. His omission on the first trial to assert a matter so vitally

affecting his liability was a fact relevant to the credibility of this witness, since from his silence at that time there is possible inference that up to the time of that trial at least, there had been no such alteration. The inquiry addressed to the witness was "did you on the former trial testify to any alteration in this note?" and because there had been adduced no evidence of a former trial, it may be that the question involved a technical violation of the rule which forbids the framing of a question so as to assume the existence of facts of which there is no evidence. It is the danger of misleading the jury and the witness as to facts which might affect the case, that this rule seeks to obviate. Here the fact assumed by the question, viz., that there had been a former trial of the case, was a mere incident of the main fact inquired about, and of itself was incapable of misleading either witnesses or jury to the prejudice of defendant.

Another issue tried was whether the notes were given in consideration of a promise made through plaintiff's agent Hare to refrain from prosecuting W. H. Gilliland criminally. If Hare's agency did not extend to making such promise in behalf of plaintiff, his lack of authority in that regard is a circumstance tending to corroborate his testimony in denial of such promise. For the purpose of such corroboration it was proper to allow Hare to testify he had no authority from plaintiff to make the promise.

In *Williamson v. Tyson*, 105 Ala. 644, it was held that one who seeks to avail himself of a contract made by another as his agent is bound by the representations made and methods employed by the agent to effect that contract. The charge given at plaintiff's request was not opposed to that principle, but it asserts another principle which is abstractly correct. If in view of the evidence in this case it had a tendency to mislead the jury that tendency could have been corrected by a charge which the defendants were privileged to, but did not not, request. The giving of the charge involved no error.

Though plaintiffs' counsel in breach of propriety ad-

dressed an argument as to the law of the case to the jury instead of to the court, and in so doing made what may have been an erroneous assertion as to the law, the defendants are not in position to complain of the court's action in permitting that argument, because, as the bill of exceptions shows, "the counsel for the defendants had argued this same matter to the jury."

In the trial court no question appears to have been made as to whether the evidence supported the verdict as to amount; and presented for the first time here without exception on ruling of that court, that is not a matter for review or for reversal of the judgment.—*McKenzie v. McCall*, 3 Ala. 516; *Moore v. Bradford, Ib.* 550; *Drake v. Johnston*, 50 Ala. 1; *Ritch v. Thornton,* 65 Ala. 309.

Assignments of error relating to judgment on the pleadings not having been noticed in appellant's brief are considered as waived.

Judgment affirmed.

DOWDELL, J., not sitting.