# Tribble *v.* Crestline Land Company.

## *Assumpsit.*

(Decided May 19, 1910. 52 South. 600.)

1. *Bills and Notes; Fraud; Evidence.*—Where the action was on certain rent notes, and the plea was that notes were obtained by the fraudulent representation of an agent of the plaintiff that a street car line was projected through or near the land leased but there was no evidence as to when the representations were made, or as to the authority of the agent to make them, or that the notes were given on the faith of such representation, or that the car line would add to the value of the property, the defense of fraud was not sustained.

2. *New Trial; Excessive Verdict.*—Where the verdict is for more than the amount claimed with interest, the verdict should be set aside.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action in assumpsit by the Crestline Land Company against George Tribble. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The contract referred to in the opinion as a part of plea 4 is as follows: "State of Alabama, Jefferson County. This lease, made this the 15th day of August, 1907, by and between the Crestline Land Company, party of the first part, and George Tribble, party of the second part, witnesseth: That the party of the first part does hereby rent and lease unto the party of the second part the following described property near Birmingham, Ala.: Lot No. 13, in block No. 8, in the survey or plat of the Crestline Land Company, of real property located in said county and state (map of land is recorded in Map Book No. 7, on p. 16, of Map Records, in the probate office of said county and state)—for occupation by him as a residence for and during the term of 47 months, to wit, the 15th day of August, 1907, to the 15th day of July, 1911. In consideration whereof,

the party of the second part agrees to pay the party of the first part the sum of $250, of which $15 is paid in cash, the receipt of which is hereby acknowledged. The balance, $235, is divided into 47 payments, each evidenced by notes payable at the office of the Jefferson County Savings Bank, Birmingham, Ala., on the 1st day of each month during said term, in advance, being at the rate of $60 per annum. And should the party of the second part fail to pay the rents as they become due as aforesaid, or violate any other condition of this lease, the said party of the first part shall have the right at their option to re-enter the premises and annul this lease. And in order to entitle the said party of the first part to re-enter, it shall not be necessary to give notice of the rents being due and unpaid, or to make any demand for the same; the execution of this lease, signed by the said parties of the first part and second part, which execution is hereby acknowledged, being sufficient notice of the rent being due and demand for the same, and shall be so construed, any, usage, or custom to the contrary notwithstanding. And the party of the second part agrees to comply with all the laws in regard to usage in so far as the premises hereby leased are concerned, and by no act render the party of the first part liable therefor, to commit no waste of property, or allow same to be done, but to take good care of the same, nor to underlease said property, nor transfer this lease without the consent of the party of the first part hereon indorsed; further, this lease being terminated, to surrender quiet and peaceful possession of said premises in like good order as at the commencement of said term, natural wear and tear excepted." The next paragraph provides for the payment of attorney's fees by party of the second part, and for damages for failure to surrender, and waiver of exemptions. The

next provides for the payment of taxes by party of the first part until deed shall have been issued and the lease cancelled. The next paragraph provides for the making of the deed to the party of the second part upon the payment of all the lease notes. "It is further understood and agreed that if the party of the second part fails to pay the monthly rent as it becomes due, and becomes a month or two months in arrears, during the first year of the existence of the lease, or as much as three months in arrears on such payment at any time thereafter, or shall fail to comply with any conditions or requirements therein, then on the happening of any such event the party of the second part forfeits his rights to a conveyance of said property, and all other money paid to the party of the second part under this contract shall be taken and held as payment of rent of said property, and the party of the second part should be liable to the party of the first part as a tenant for the full term of said lease, and the provision herein 'that the rent paid under this lease shall be considered a payment for said property, and the party of the first part shall make and execute a deed with warranty of title conveying said property to the party of the second part,' shall be a nullity and of no force and effect; and the failure of the party of the second part to comply with any of the conditions of this instrument shall ipso facto render the said provisions a nullity, and make the said party of the second part a lessee under this instrument, without any rights whatever except the rights of the lessee, without any notice or action whatever upon the party of the first part." The next provision provides for the payment of the entire sum before maturity, with a rebate of interest.

[Tribble v. Crestline Land Company.]

C. D. Ritter, for appellant. Want of consideration, failure of consideration, or partial failure of consideration is a good defense or a defense pro tanto.—Section 4983, Code 1907; *Agnew v. Walden,* 84 Ala. 502; *McCullom v. Ednum,* 109 Ala. 95; *Folmer v. Silver,* 132 Ala. 297. The court should have given the general affirmative charge for the defendant, for where the subject matter of negligent averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party, and the plaintiff failed to disprove pleas 9, 10, 11 and 12.—*Carroll v. Malone,* 28 Ala. 551; *Farrell v. The State,* 32 Ala. 557; *Rogers v. DeBardelaben,* 97 Ala. 154; 16 Cyc. 596. The judgment and the verdict was excessive, and the motion for a new trial should have been granted.—*Richardson v. Bir. Cot. Mfg. Co.,* 116 Ala. 381; *Hamilton v. Maxwell,* 133 Ala. 233.

Baugh & Emerson, for appellee. The consideration was sufficient and the defendant failed to establish his pleas of fraud and failure of consideration, hence, the court properly refused charges 2, 3 and 4.—*Blackmon v. Dowling,* 63 Ala. 304; *Ala. Ry. Co. v. Southern Ry. Co.,* 84 Ala. 570. Counsel discuss other assignments of error, but without citation of authority.

SIMPSON, J.—The suit in this case was brought by the appellee against the appellant for the recovery of $45, with interest, due by nine promissory notes for $5 each, and for $50, with interest, due by ten promissory notes for $5 each. There were two complaints, afterwards consolidated, each alleging at the end of the complaint that defendant had waived the benefit of the exemption laws, and agreed to pay a reasonable attorney's fee. The first count alleged that $15 was a reasonable

[Tribble v. Crestline Land Company.]

attorney's fee, and the second that $20 was a reasonable attorney's fee; but neither complaint *claimed* any attorney's fee. Pleas of no consideration and failure of consideration were filed; also special pleas. Plea 4 sets up the special contract, which was introduced in evidence (and will be set out by the reporter), admits the failure to pay the notes, but claims that defendant is not liable for more than the fair rental value of the property rented, which it is alleged is not more than $15, which was paid in advance. Pleas 5 and 6 set up the same defense. Pleas 7 and 8 set up the defense that the notes were obtained by fraudulent representations that a street car line was projected through or near the land leased or bought.

There was no evidence tending to sustain the plea of no consideration, nor that of failure of consideration, and the only evidence on the subject of fraud was the statement by the defendant, as a witness, that "the agent of plaintiff, from whom he rented or purchased the property, represented to him that at the time he purchased said lot there was a car line projected through said property, and showed him on the map of said property where said street car line would run, and that after purchasing said lot he learned that said car line was not projected through said property, and that said car line had not been run through said property"; the nearest line being 1, 1½, and 2 miles distant. There was no testimony as to just when the representations were made, though inferentially it may be said that the intent was to say that the representations were made at the time he purchased. There was no proof as to the authority of the unnamed agent to make the representations, nor that the notes were given on the faith of such representations, nor as to whether the street car line would add any value to the property, or how much. So

[Standard Oil Company v. Weeks.]

there was no proof to sustain this, the only plea which set up any defense.

The defendant, having entered into a written agreement to pay so much for the rent of the land, of course, was bound for that much, unless the defense of fraud was sustained. These being the facts, the plaintiff was entitled to the general charge, and there was no reversible error in giving or refusing any of the charges; but, as before stated, the complaints claimed only $90, with interest, and the verdict was excessive. The matter was brought to the attention of the court by a motion for a new trial, and the motion should have been granted.— *Drake v. Johnson,* 50 Ala. 1; *Ritch v. Thornton,* 65 Ala. 309; *Gilliland v. Dunn & Co.,* 136 Ala. 327, 34 South. 25.

The judgment of the court is reversed, and an order will be here entered granting the motion for a new trial.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.