[Central of Ga. Ry. Co. v. Chicago Varnish Co.]

# Central of Ga. Ry. Co. *v.* Chicago Varnish Co.

## *Damage for Loss of Freight.*

### (Decided Nov. 24, 1910. 53 South. 832.)

1. *Carriers; Freight; Transportation; Duty.*—It is the duty of a carrier to furnish safe and suitable cars for transporting goods, and it cannot avoid liability for not doing so by using another's cars, such other, being under the circumstances, its agent. If a consignor, however, undertakes to furnish cars to be used in transportation, the carrier is not liable for loss resulting from their defective condition alone.

2. *Same; Means of Transportation.*—A carrier is liable for the loss of freight caused by defects in the car where it ships freight in cars leased by it from the consignor under an agreement by which the carrier is to keep the cars in repair at the consignor's cost.

3. *Same; Liability; Law Governing.*—The law governing the liability of several contracting carriers with respect to loss of freight en route is the law as it was at the time the contract for shipment was made.

4. *Same; Liability of Connecting Carrier.*—Before the enactment of the act of Congress of June 29th, 1906, and of section 5546, Code 1907, each of several connecting carriers was responsible only for loss occurring on its own line.

5. *Same; Presumption.*—As against a connecting carrier it is presumed that the goods were received in the same order as when received by the initial carrier, (under the rule that a fact continuous in its nature is presumed to continue until the contrary is shown) ; such presumption, however, does not affect the liability of the initial carrier, and when loss is shown the burden is upon it, or any subsequent carrier shown to have had possession of the goods, to show that they were not lost while in its possession, if sued for such loss.

6. *Charge of Court; Instructions; Construction.*—Charges should be considered in connection with the facts of each particular case.

7. *Trial; Answer; Who May Object.*—The objection that the answers to questions are not responsive, can only be taken by the party asking such question.

8. *Appeal and Error; Review; Matters Cognizable; Excessive Damages.*—Where the matter of excessive damages was not called to the court's attention by motion for new trial, or otherwise, that question cannot be assigned as error and considered on appeal.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

[Central of Ga. Ry. Co. v. Chicago Varnish Co.]

Action by the Chicago Varnish Company against the Central of Georgia Railway Company, for damages for failure to deliver freight. Judgment for plaintiff and defendant appeals. Affirmed.

R. D. CRAWFORD, for appellant. The rule of presumptive injury as between several connecting carriers is that if any part of the goods are received by the delivering carrier, then the last connecting carrier is presumed to have caused the injury and is liable therefor. *Mont. Ry. Co. v. Culver,* 75 Ala. 587; *L. & N. R. R. Co. v. Jones,* 100 Ala. 265. This presumption is the same, whether the damages arise from shortage or injury to the goods.—*Southern Ex. Co. v. Hess,* 53 Ala. 234; 3 Hutch. on Carriers, Sec. 1348. It follows from these authorities that the court erred in refusing charges 1, 2 and 3, and in giving oral charges numbered A, B and C. Counsel discusses other assignments of error but without further citation of authority.

C. D. CARMICHAEL, for appellee. The court did not err in refusing charges requested by the defendant, or in its oral charge.—*Cooper v. Ga. Pac.,* 92 Ala. 329. The burden was on the defendant to show that no loss occurred from its negligence.—*M. & E. R. R. Co. v. Culver,* 75 Ala. 487. Counsel discusses other assignments of error, but without citation of authority.

SAYRE, J.—This suit was for a failure to deliver 448 gallons of turpentine spirits. The complaint is in code form, and is ex contractu. The spirits had been consigned by the Jackson Lumber Company to the plaintiff company in Chicago in 1905. When the tank car in which the shipment was made arrived at is destination. it was found that a part of its original contents

(according to plaintiff's contention) had disappeared. Plaintiff insisted that the shortage resulted from a leak in the tank. Pleas 7 and 8 put forward the defense that the spirits had been shipped in a car belonging to and furnished by the consignor and delivered to the defendant for use in the transportation of its turpentine, and that the loss occurred by reason of a defect in the tank at the time of delivery, and without negligence on the part of defendant. To this plaintiff replied, to state the substance of its special replication, that at and prior to the date of the shipment the defendant had a lease of the car from the consignor under an agreement by which the consignor was to furnish defendant with cars for the shipment of consignor's turpentine, defendant paying rent for the use of same, and keeping them in repair at the consignor's cost, and that the car in question had been furnished and used for the shipment of the turpentine under said agreement. Demurrer to this replication was overruled, and that ruling is assigned for error. It is the duty of the carrier to provide safe and suitable vehicles for the carriage of goods. He cannot avoid this responsibility by using the cars of another—this upon the theory that in such case the person furnishing the cars becomes the agent of the carrier. But, where the consignor undertakes to furnish cars, it cannot in reason be that the carrier is responsible for a loss which arises out of the condition of the cars alone; and pleas 7 and 8 stated a case which, in facie, called for the application of this principle. The replication, however, added a material element to the case so stated, by showing that, notwithstanding the shipper furnished the car, the ordinary rule of responsibility obtained between the parties, because the duty in respect to the condition of the car was left by the contract under which it was furnished where the law would

19—169

have put it if the car had been furnished by the defendant. The demurrer was properly ruled.

The shipment was to pass, and the car containing it did pass, over the lines of several connecting carriers. The bill of lading contained the usual stipulation exempting the initial carrier from liability for any loss or damage occurring beyond its own terminal. Defendant's engagement, therefore, was to safely carry the goods to its own terminal and there to put them in due course of shipment over the line of the proximate connecting carrier. As the law then was—and by the law of that time the rights of the parties here are to be determined—each carrier was responsible only for the loss or injury occurring on its own line.—*Jones v. C. S. & M. R. R. Co.,* 89 Ala. 376, 8 South. 61; *McNeill v. Atlantic Coast Line,* 161 Ala. 319, 49 South. 797. Federal and state statutes, passed since the date of the contract in litigation, have made such stipulations void, and hold the initial carrier responsible for any loss, damage, or injury caused by the receiving carrier or by any common carrier, railroad, or transportation company to which property may be delivered, or over whose lines it may pass.—Act June 29, 1906, c. 3591, § 7, 34 Stat. (U. S. Comp. St. Supp. 1909, p. 1166); Code 1907, § 5546. It results that the plaintiff must show the goods to have been in the possession of the carrier sued at the time of the loss or injury. This may, of course, be shown by circumstantial evidence. To effectuate a just conclusion in such cases the law has recourse to the evidential presumption that a fact, continuous in its nature, continues to exist until the contrary appears, and, loss or injury being shown, lays the burden of accounting for it on the bailee whose duty requires him to know. When receipt of the goods by any subsequent carrier is shown, it is presumed, as against such car-

rier, that the goods were in the same order as when received by the initial carrier; but this presumption does not concern nor benefit the initial carrier. Loss or injury being shown, the burden is then cast upon the initial carrier, or upon the delivering carrier, or upon any intermediate carrier shown to have been in possession, to prove that the goods were not lost or injured while in its possession, as one or the other may be sued. This we understand to be the rule sanctioned by the decisions of this court.—*Ga. Pac. Rwy. Co. v. Hughart,* 90 Ala. 36, 8 South. 62; *Louisville & Nashville R. R. Co. v. Jones,* 100 Ala. 263, 14 South. 114; *Cooper v. Ga. Pac. Rwy. Co.,* 92 Ala. 329, 9 South. 159, 25 Am. St. Rep. 59; *M. & E. R. R. Co. v. Culver,* 75 Ala. 587, 51 Am. Rep. 483. See, also, Moore on Carriers, p. 490, where cases to this general effect are collated from other jurisdictions. The court's instructions to the jury are to be considered in their application to the facts of the case on trial. The suit was against the initial carrier, whose receipt of the car was not denied. The court properly instructed the jury, in substance, that if the car was loaded in the beginning with plaintiff's turpentine spirits in the quantity alleged—a question left to the jury —it was for the defendant to account for the entire quantity by showing its delivery to the next succeeding carrier.

We have found no error in these assignments relating to rulings upon the admissibility of evidence, which are noticed in argument. In each case relevant facts only were permitted to go to the jury. If the answers in some instances were not strictly responsive, that was an objection that could be taken only by the party asking the questions.

The amount of damages assessed by the jury may have been somewhat in excess of the amount properly assess-

able under the evidence. If so, the trial court should have been given an opportunity to make the correction. It does not appear that this fact was called to the attention of the trial court, by motion for new trial or otherwise, or that any ruling was there invoked, or made, which can now be assigned for error.—*Ritch v. Thornton,* 65 Ala. 309; *Gilliland v. Dunn,* 136 Ala. 327, 34 South. 25.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.