(111 So. 205)

**SCHWEND v. CITY OF BIRMINGHAM.**
(6 Div. 723.)

(Supreme Court of Alabama. Jan. 20, 1927.)

**1. Appeal and error ⬤⇒286—Error in granting or refusing jury trial will not be considered on appeal, unless brought to court's attention by motion for new trial.**

Error in granting or refusing jury trial will not be considered on appeal, unless brought to attention of court by motion for new trial, at which court has opportunity to correct error.

**2. Jury ⬤⇒25(2)—Denial of jury trial on appeal from paving assessment held not ground for reversal, where jury trial was not demanded in time (Code 1923, §§ 2204–2209).**

Denial of jury trial on appeal to circuit court under Code 1923, §§ 2204–2209, from paving assessment, held not ground for reversal, in view of failure of timely demand in writing for jury trial.

**3. Municipal corporations ⬤⇒484(1)—Passage of final resolution for street improvement implies finding specifications were open to inspection.**

Records of local improvement assessment proceedings need not affirmatively recite that specifications were open to inspection in city engineer's office, as passage of final resolution implies finding of performance of duties directed by statute and initial ordinance.

**4. Municipal corporations ⬤⇒511(2)—Transcript of proceedings for assessment for improvement held admissible on appeal (Code 1923, § 2199).**

In proceedings to enforce paving assessment, from which appeal was taken, admitting transcript of proceedings relating to assessment held not error, where proceedings were in conformity with Code 1923, § 2199, requiring council to proceed by order or resolution to fix amount of assessment against each lot on assessment roll.

**5. Municipal corporations ⬤⇒294(7)—Testimony that newspaper in which notice of street improvement was published had general circulation held admissible (Code 1923, § 2178).**

In proceeding by city to enforce paving assessment, admitting testimony of witness that paper in which notice was published, in accordance with Code 1923, § 2178, had general circulation in community at time in question, held not error.

**6. Evidence ⬤⇒543½—In proceeding to collect paving assessment, witness could qualify as to question of special benefit by showing knowledge of increase in market value of property.**

Witness as to special benefits derived from street paving could properly qualify in proceeding to collect assessment by showing knowledge of general effect of street pavement in city and market value of property in question before and after paving.

**7. Municipal corporations ⬤⟿511(2)—Amount of judgment for paving assessment could not be corrected on appeal, unless excessiveness was called to trial court's attention (Code 1923, § 2209).**

In absence of motion for new trial to challenge correctness of amount of judgment in proceedings by city to collect assessment for paving, or otherwise giving court opportunity to make change, correctness of amount could not be considered on appeal, in view of Code 1923, § 2209.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Proceeding by the City of Birmingham to enforce an assessment for street paving (commenced by the City of West End, which was subsequently consolidated with the City of Birmingham) against Charles Schwend. From the judgment, defendant appeals. Affirmed.

Aird & Aird, of Birmingham, for appellant.

On appeal on fixing improvement assessments to the circuit court, the defendant is entitled to a jury trial. Code 1923, § 2209, 8595; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405. The transcript should not have been admitted without the certificate of the city clerk that it contained all the proceedings. Code 1923, § 2207. Failure to establish the grade of the street renders the assessment void.' Code 1923, § 2181. The preliminary ordinance does not disclose what streets and avenues shall be paved, as required by law. Code 1923, § 2176. The final resolution is defective in failing to show that plans and specifications were filed with the engineer. Code 1923, § 2177. Fundamental error in the proceedings to assess will abate the assessment. Garner v. Anniston, 178 Ala. 430, 59 So. 654. The assessment must not be in excess of the special benefits to the property from the improvement. Hood v. Bessemer, 213 Ala. 225, 104 So. 327; Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellee.

The denial of a jury trial cannot be assigned for error unless such refusal is made ground of motion for new trial. Horlacher v. Brafford, 141 Ind. 528, 40 N. E. 1078; Huffmond v. Bence, 128 Ind. 131, 27 N. E. 347; Ketcham v. Brazil Co., 88 Ind. 515; Abbott v. Inman, 35 Ind. App. 262, 72 N. E. 284; Sone v. Williams, 130 Mo. 530, 32 S. W. 1016; Boyea v. Besch, 144 Minn. 254, 174 N. W. 894. The amount of the recovery allowed cannot be reviewed, except where same is questioned by motion for new trial. Central of Ga. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832.

THOMAS, J. The right to a trial by jury, if duly insisted upon in a case like this, was indicated under the former statute in the City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405. The effect of the change by the Acts of 1915, p. 824, was adverted to in Green v. Stephens, 198 Ala. 325, 73 So. 532.

[1] No motion for a new trial is predicated on the denial of a written demand for a jury. The weight of authority is that error in granting or refusing a jury trial is not considered on appeal, unless brought to the attention of the court by a motion for a new trial and opportunity for correction given. Horlacher v. Brafford, 141 Ind. 528, 40 N. E. 1078; Ketcham v. Brazil Block Coal Co., 88 Ind. 515; Huffmond v. Bence, 128 Ind. 131, 27 N. E. 347; Abbott v. Inman, 35 Ind. App. 262, 72 N. E. 284; Childers v. First National Bank, 147 Ind. 430, 46 N. E. 825; Alley v. State ex rel., 76 Ind. 94; Meloy v. Weathers, 35 Ind. App. 165, 73 N. E. 924; Sone v. Williams, 130 Mo. 530, 32 S. W. 1016; Boyea v. Besch, 144 Minn. 254, 174 N. W. 894; Banning v. Hall, 70 Minn. 89, 72 N. W 817. However this may be, we will examine the statute concerning the right of trial by jury in such a case.

[2] Appellant's counsel advert to the statute providing a trial by jury on a due demand in writing (sections 8593–8597, Code of 1923), and that these statutes do not apply to a case as that before us. The appeal is taken under sections 2204–2209, Code of 1923, and it contains no provision for a jury, and the statute uses the words "the court shall hear." It is provided in sections 2208, 2209, of the Code:

"Upon hearing such appeal, the introduction of such transcript and papers shall be prima facie evidence of the correctness of such assessment, and that said property and persons are justly indebted to the city or town for the amount of said assessment. * * *

"The said cause may be tried on the record without other pleadings and the court shall hear all objections of the property owner or owners to said assessment and the amount thereof; and shall determine whether or not such assessment exceeds the increased value of such property by reason of the special benefits derived from the improvement, and shall render judgment accordingly." Cox v. City of Birmingham, 21 Ala. App. 341, 108 So. 622, Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

An examination of the record proper discloses that this case has remained on the dockets of the court for many years. The initial ordinance is of date of August 2, 1907; the final ordinance of date of July 20, 1910; and the bond for appeal or for costs "to the city court Birmingham," of date of August 3, 1910. On this bond, the certified transcript filed in the circuit court, July 23, 1914, shows the indorsement: "Note: The appellant demands a jury for the trial of this cause," signed by appellant's former counsel. This was before the Acts of September 25 and

28, 1915, pp. 824, 939. Following this record is defendant's sworn pleas of date of December 17, 1923; plaintiff's motion to strike, of date of December 19, 1923; and demurrers to plea of like date. These documents or pleadings in the circuit court contained no written demand for a jury trial. The transcript recites:

"Defendant's Motion for Jury.

"Now comes the defendant, and moves the court to transfer this case to the jury docket of this Court. Morris Loveman and Aird & Aird, Attorneys for the Defendant.

"Filed in office September 29, 1924.

"Defendant's Motion for Jury to Try Issues of Fact.

"Now comes the defendant, and objects to the trial of said cause by the court without a jury, as provided by law, and defendant moves the court to have a jury pass upon the issues of fact arising in the trial of said cause. Morris Loveman, Aird & Aird, Attys. for Defendant."

And in the amended transcript are contained the objections to the amended transcript, dated September 30, 1925; motion to strike of same date; and recital as to a jury trial:

"Jury Demand.

"Comes the defendant and demands a jury trial. Morris Loveman, Aird & Aird, Attorneys for the Defendant.

"Filed in office October 1, 1924.

"Demand for Trial by Jury.

"Now comes the defendant after the filing by the plaintiff of an amended transcript, and demands a trial by jury to determine the issues of fact arising in said cause. Aird & Aird, Morris Loveman, Attorneys for Defendant.

"Filed in office November 10, 1924."

We find in this record no due and timely demand in writing for a trial by jury, and we will not reverse the trial court on the trial of the contest without a jury.

The requirements of initial ordinances for street and sidewalk improvements are contained in Stovall v. Jasper (Ala. Sup.) 110 So. 317;[1] Sanders v. Troy, 211 Ala. 331, 100 So. 483; Hood, v. City of Bessemer, 213 Ala. 225, 104 So. 325, and need not be repeated.

[3] The Improvement Ordinance No. 13 for the city of West End (Alabama) to provide for building cement walks, putting in cement curbing and guttering, and paving with Lancaster McAdam pavement, "Hawkins street from McMillan avenue to Second avenue," was definite, and the notice and proceeding were as required by the statute. Section 2178 (1363) of the Code. It is of recent decision that records of local improvement assessment proceedings need not affirmative-

ly recite that specifications were open to inspection in the office of the city engineer. The passage of the final resolution implies the finding of performance of such duty as directed by the statute and the initial ordinance. Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

[4] The proceeding offered in evidence was as required by the statute. Section 2199 of the Code. The court committed no error in admitting the transcript over the objection of the defendant.

[5, 6] There was no error in the testimony of Mr. Jamison that the paper in which the notice was published had a general circulation in the city or community of West End, Ala., at the time indicated. The witness was properly permitted to qualify by showing his knowledge of the general effect of street pavement in the city, and thereafter the market value of the property in question before and after the pavement, as affecting its special benefit by reason of the street improvement. Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871; Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739; Huntsville v. Pulley, 187 Ala. 367, 65 So. 405; City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486.

[7] If there was excess allowance, there was no motion for a new trial challenging the correctness of the amount of the judgment as to the interest allowed. This is within the rule to support the judgment of the court, unless the excess in judgment is brought to the attention of the court. Central of Georgia Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Tribble v. Crestline Land Co., 167 Ala. 398, 52 So. 600. See, also, Gilliland v. Dunn & Co., 136 Ala. 327, 34 So. 25; Ritch v. Thornton, 65 Ala. 309; Drake v. Johnston, 50 Ala. 1. The attention of the trial court should, by motion for a new trial, or otherwise, have been called thereto, and the opportunity to make the correction have been given in the lower court.

The foregoing is required of an established and orderly procedure in the trial court, and is not out of harmony with the requirements of statute that the court shall in such a case determine whether or not the assessment "exceeds the increased value" of the "property by reason of the special benefits derived from the improvement," and that the judgment be rendered accordingly. Section 2209 (1394) of the Code.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

---

[1] Ante, p. 300.