## McAtee et al. v. Perrine.

1. *Agency—Special Agent.*—An agent whose authority is confined to a single transaction is commonly denominated a special agent. The principal of such an agent is bound, only so far as his acts are strictly in accordance with the authority given him, and parties assuming to deal with his principal, through him, must, at their peril, ascertain the extent of his authority, and in controversies regarding it, be prepared to establish it by a preponderance of the evidence.

**Memorandum.**—Action on contract. Appeal from a judgment rendered by the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

McAtee v. Perrine.

## APPELLANTS' STATEMENT OF THE CASE.

The plaintiffs live in Sangamon County; the defendant in Macoupin County. Both parties deal in stock. A Mr. Dragoo, who lived in plaintiffs' neighborhood, was at Girard (defendant's home), on a visit. He and defendant were acquainted. The defendant authorized Dragoo, in November, to contract for from one to three car loads of hogs for him, to be taken between January 10th and January 25th. Dragoo bought one car load of hogs for defendant from the plaintiffs, plaintiffs having first learned from him that he was buying for Perrine, the hogs to be taken at any time from January 10th to February 10th. Defendant refused to take the hogs, though notified that they were waiting for him, and on the morning of January 11th, plaintiffs, in the presence of Dragoo, after previous notice to him, weighed the hogs, loaded them on a car and shipped them to Chicago, where they were sold at the market price, at a loss below the contract price of over a hundred dollars. This suit was brought to recover that amount.

## APPELLANTS' BRIEF.

We submit that defendant's silence after being informed of the act of his agent, under the circumstances amounts to a complete ratification of the acts of the agent. The principle is elementary. Johnston v. Berry, 3 Brad. 256; Meister v. Cleveland Dryer Co., 11 Brad. 227; McGeoch v. Hooker, 9 Brad. 649.

"A principal who is informed of an unauthorized act done by his agent, must give notice of his dissent within a reasonable time or his assent and ratification will be presumed." Wait's Actions and Defenses, 234; Williams v. Merritt, 23 Ill. 623; Kent's Commentaries, 616.

To speak of agency as a special agency, and to make that the test by which to determine the scope of the agency, is erroneous. "We should not confound the extent of the agent's authority, whether limited or unlimited, with the nature of the agency, whether general or special. * * *

The policy and reason of the rule is for the protection of the innocent who deal upon the faith of such authority as the principal holds out or permits as being authorized or sanctioned by him. * * * And it is upon this principle that the principal may frequently be bound to third persons for acts of the agent in violation of his express private instructions, although the agent would be liable to the principal for the breach." Doan v. Duncan, 17 Ill. 272; Noble v. Nugent, 89 Ill. 522, and authorities cited; Story on Agency, Sec. 127; Parsons on Contracts, 41, note b.

Anderson & Bell, and E. C. Knotts, attorneys for appellants.

### Appellee's Brief.

It is elementary law that "persons dealing with an assumed agent, whether the assumed agency be a general or a special one, are bound, at their peril, to ascertain, not only the fact of agency, but the extent of the authority, and in case either is controverted, the burden of proof is upon them to establish it." Mechem on Agency, Sec. 276 and 289 ; Davidson v. Porter, 57 Ill. 300 ; Baxter v. Lamont, 60 Ill. 237 ; Schilling v. Rosenheim, 30 Ill. App. 81 ; Reynolds v. Ferree, 86 Ill. 570.

While presumptions of greater authority attend a general agent, and possibly estoppel applies strongly in favor of one dealing with a "general agent," still the burden of proof is the same. But the scope of the authority of a special agent is ordinarily much more restricted than that of a general agent; one is in its nature limited and implies limitations of power. Of these limitations, third persons must inform themselves. " Mechem on Agency, Sec. 285.

In section 288 of Mechem on Agency, the author announces the rule embodied in this instruction as follows : " The authority of the special agent being in its nature limited, its scope is much more easy of determination, and must not be exceeded, or, as the rule is ordinarily stated, his authority must be "strictly" pursued, and if it is not the principal will not be bound."

BALFOUR COWEN, U. G. BUTCHER and THOMAS RINAKER, attorneys for appellee.

OPINION BY THE COURT.

This action was brought by the appellants to recover damages occasioned by the refusal of the appellee to accept from the appellants, and pay for a certain car load of hogs, which they insist the appellee, through one Dragoo as his agent, contracted for and purchased of them. Having been defeated in the Circuit Court, the appellants prosecute this appeal.

The appellee's grounds of defense were that Dragoo had not general, but only special and limited power to act for or bind him, and that the alleged contract was not within the scope of such authority; that he repudiated it promptly after being advised of it; and that the hogs which appellants contracted to sell to Dragoo would not, either in point of numbers, or quality, meet the requirements of the contract according to its terms and conditions as relied upon by the appellee.

We have carefully examined the testimony. It is directly and sharply conflicting in respect of these defenses, and its value and weight depend largely upon the credit that is or ought to be given to the different witnesses who appeared and testified in the presence of the jury. The judgment, therefore, ought not to be disturbed upon the ground that it is manifestly against the weight of the evidence, though it be true that upon some, if not all, of the material questions, the appellants had preponderance in point of the number of witnesses. The jury seem to have given credence to testimony of the appellee and his witnesses, and we can not say that in this they were wrong. In such cases the instructions should, however, be accurate. The appellants complain of two instructions given for the appellee, and of the refusal of the court to give one asked in their behalf.

In order that these instructions and the criticisms upon them may be understood, it is necessary to state that the

appellee testified that he authorized Dragoo to contract for a car load of hogs, to be delivered and weighed at Glenarm, a station on the Jacksonville Southeastern R. R., at such time as he (the appellee) might desire, from January 10th to January 20th. The appellants sought to recover upon a contract with Dragoo for a car load of hogs, to be delivered at Glenarm at such time from January 10th to February 10th, as appellee might prefer, the hogs to be weighed at a farm some four miles from Glenarm. Dragoo and another witness, one Knotts, testified that though appellee did, when empowering him to buy hogs, first insist that the hogs must be weighed at the railroad station, yet that he finally consented that if the owners of the hogs would not agree to so weigh them, that Dragoo should contract for them to be weighed at the scales nearest where the hogs were kept.

The jury seem to have accepted the version of the appellee, and their power and right to do so can not be denied.

The appellants contended that the requirement that the hogs be weighed at the place of shipment, related merely to the manner of transacting the business with which the agent was charged, and did not touch or limit the authority of the agent or the scope of his power as an agent.

And as to the extension of time given the appellee in which to demand and have the hogs, the view of the appellants is that the appellee thereby obtained only greater privileges and yet retained every right that a strict compliance by the agent with his instructions would have secured to him.

The appellants tendered the hogs on the 11th day of February, and their right of recovery and proof of the amount of the damages seems to rest entirely upon the assumption that the breach of the contract then occurred, and that the measure of damages was dependent upon the market price of hogs on that date. In this view it is apparent that the extension of time for the delivery was a departure from the authority given the agent.

It appears that the hogs driven four miles were thereby reduced in weight. This loss of weight, under the operation

of the contract sought to be enforced, would fall upon the appellee, while under a contract made as he directed as to the place of weighing, the loss would have fallen upon the appellants.

The place for weighing the hogs was therefore one of the essential provisions of the contract, and the instructions to Dragoo relating thereto constituted the limit and scope of his power and authority in that respect. It is not claimed that Dragoo had authority to act generally for the appellee or that he had ever before acted or assumed to act for him, or that he had been "held out to the world" as invested with power to represent or in any way bind the appellee. His authority was confined to the particular transaction involved in this suit. He was what is commonly denominated a special agent. His principal was bound only so far as his acts were strictly in accordance with the authority given him (1 Amer. & Eng. Ency. of Law, page 351 and note 1, page 352; Mechem on Agency, Sec. 288; Baxter v. Lamont, 60 Ill. 237) and parties assuming to deal with his principal through him must at their peril ascertain the extent of his authority (1 Amer. & Eng. Ency. of Law, page 352; Mechem on Agency, Sec. 289; Davidson v. Porter, 37 Ill. 300) and be prepared to establish it by a preponderance of proof. Mechem on Agency, 276. The court at the instance of the appellee instructed the jury that "if the directions of the principal to his agent are specific to do some particular thing in a particular manner, and the agent disregards such specific instructions and goes beyond his instructions, doing something else in violation thereof, then under such circumstances, the principal is not bound by any contract so made," * * * and if Dragoo was a special agent acting under specific instructions, and violated such instructions, the verdict should be for the appellee, unless such acts of Dragoo were ratified, etc. Without intending to be understood as approving this instruction abstractly, we hold it correct when applied to the facts of this case. It fails to recognize the distinction which is to be drawn between authority given to an agent and instructions or directions as to the manner of executing the authority.

But as the "instructions or directions" in controversy, limited the authority of the agent, the rule announced by the court to the jury is, we think, the one properly applicable to the facts the jury were called upon to consider.

This being true, the instruction asked by the appellants that the appellee could not repudiate "a contract   *   *   * because of the agent's failure to observe unimportant details in the principal's instructions to him, but would be bound by such conduct of the agent, so long as the same is in substance within the reasonable scope of his authority," ought to have been, as it was, refused.

It conveys an assumption that the place where the hogs were to be weighed, and time within which the contract should be terminated, were unimportant details, and it was calculated to lead the jury to understand that something less than a strict compliance with the authority given the agent would bind the principal.

We see nothing else in the case to which it could have applied. It ought not have been given. We believe the appellants were, in the judgment of the jury, beaten upon the facts. No reason is perceived why we should hold that in this they were manifestly wrong. The judgment must be affirmed.