# George v. Ross *et al.*

*Bill in Equity by Creditor to Set Aside and Cancel Voluntary Conveyance by Debtor.*

1. *Agency; burden of proof.*—Where the reformation of a contract is sought to be established under an agreement with the agent of a party to the contract, the burden is upon the person seeking to make the proof, to show that said agent was especially authorized by his principal to enter into the agreement of reformation, or that he was the general agent of the principal, and the agreement of reformation was within the scope of his authority as such agent.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellee, Mrs. Fannie M. George, against the appellee, Sarah J. Ross, and others; and sought to have set aside and declared void certain conveyances executed by said Sarah J. Ross and the other defendants, and to have the property conveyed therein subjected to the payment of complainant's debts. The bill was filed by the complainant as a creditor of the defendant, Sarah J. Ross; and it was averred in the bill that the indebtedness from Sarah J. Ross to the complainant was a balance alleged to be due upon a mortgage debt contracted in 1890. It was then averred in the bill that to secure a loan of $5,000 made by the complainant to Sarah J. Ross the latter executed a mortgage on certain lands; that there was, at different times, $2,000 paid on this mortgage; that upon default being made upon the balance remaining due, the mortgage was foreclosed, and the property was purchased at a price of $3,000, $160 thereof going to the payment of the attorney's fees for the foreclosure, and the balance thereof being applied towards the payment of the mortgage indebtedness.

[George v. Ross *et al.*]

It was further averred that "interest at the rate of ten per centum per annum was added in and made a part of said debt as shown upon the face of said paper; that subsequent to the execution of said note and mortgage, and prior to the law day thereof it was agreed and understood by and between the parties thereto that the rate of interest upon the said debt should be eight per cent per annum and that no other rate of interest was ever demanded on said debt." That after giving credit for the partial payments that had been made, and the amount paid at the foreclosure sale, there remained still due upon said indebtedness $4,000. It was then averred that after the execution of said mortgage and while Sarah J. Ross was indebted to the complainant in a large amount, she executed to several of her children who are named as her co-defendants in the bill, voluntary conveyances of all of her property.

The prayer of the bill was that these several conveyances be set aside and the property conveyed therein be subjected to said several amounts alleged to be due the complainant.

In the answer filed by the defendant it was averred that the indebtedness to the complainant was not the indebtedness of Sarah J. Ross, but was the indebtedness of her husand and that she was only a surety thereon. That the interest charged on said indebtedness was usurious and that she had never agreed to a reformation of the contract, reducing the rate of interest from ten to eight per cent per annum, nor did she ever authorize any one to do so for her.

The evidence for the complainant tended to show that the loan made by the complainant to Sarah J. Ross was negotiated for her by her son, C. R. Ross; that Sarah J. Ross had nothing personally to do with the loan. that the transaction was had through her agent, C. R. Ross; that C. R. Ross managed the business of Ross & Company, which was owned by Mrs. Sarah J. Ross, and he had the general control of said business and looked after it in all of its particulars; that he represented Sarah J. Ross in all matters relating thereto; that

he paid her taxes and gave in her property for assessment; that he insured her property for her and paid the premiums thereon from time to time as policies were issued and renewed; that said C. R. Ross rented out the property for his mother and collected the rents therefrom and made repairs or superintended the making of repairs on the same, and there was other evidence that said C. R. Ross paid the monthly bills for his mother.

The evidence for the complainant showed that by the reformation of the note and mortgage, the usurious rate of interest as charged was reduced to a legal rate, and was made under an agreement with C. R. Ross as agent of Sarah J. Ross. Sarah J. Ross in her deposition testified that the note and mortgage held by the complainant was not given to evidence and secure a debt of hers, but was given for a debt of her husband, and that she, at his instance, became the surety therefor. She further testified that she did not agree to a reformation of the contract in which the usury charged was eliminated by remitting the excess of the legal rate on the loan, nor did she authorize any one else do so. She denied that C. R. Ross had the management and control of the business of Ross & Company, which was designated as "The Carriage Shop Business," and that he had no authority from her in writing or otherwise to alter, change or to agree to a reformation of any contract she had entered into, nor did she authorize him to enter into an agreement with the complainant for the reformation of the contract involved in this suit.

Mrs. Sarah J. Ross testified that C. R. Ross was not her agent in respect to any business matter, and had no authority from her to transact any business with the complainant; that he was not her general agent in any respect. It is unnecessary to set out in detail the other facts of the case.

On the submission of the cause on the pleadings and proof, the chancellor rendered a decree denying the relief prayed for, and ordering the bill dismissed. From

this decree the complainant appeals, and assigns the rendition thereof as error.

G. L. COMER and P. B. McKENZIE, for appellant. Agency is established by evidence of the relative situation of the parties or their habit and course of dealing.—2 Greenleaf on Evidence, § 60; *Wheeler v. McGuire*, 86 Ala. 398; *Gibson v. Snow Hardware Co.*, 94 Ala. 346; *Louisville Coffin Co. v. Stokes*, 78 Ala. 375; *Montgomery Furniture Co. v. Hardaway*, 104 Ala. 100.

A. H. MERRILL, *contra.*—To avoid the taint of usury, there must be a "reformation of the contract by which the usurious interest is expunged, by remitting the excess, and only lawful interest is retained or exacted." *Masterson v. Grubbs*, 70 Ala. 406; *Eslava v. Crumpton*, 61 Ala. 507; *McCullough v. Mitchell*, 64 Ala. 250.

DOWDELL, J.—The bill in this case is that of a common creditor, seeking to set aside certain conveyances of the alleged debtor on the ground of fraud. The decree appealed from was rendered by the chancellor on the facts upon a submission of the cause on pleading and proof for final decree. As averred in the bill the alleged indebtedness was a loan of $5,000, made by the complainant to the respondent Sarah J. Ross, and for which she executed the note and mortgage described in the bill. The bill admits payments of $2,000 on the alleged indebtedness, and further shows that the mortgage was subsequently foreclosed, and the property bought in for the complainant at and for the sum of $3,000. The bill admits that the rate of interest agreed upon and charged on said loan was usurious, but the complainant seeks to avoid the taint of usury in the contract by averring a subsequent reformation of the contract, whereby the usury was eliminated by remitting the excess of legal interest on said loan.

The alleged reformation of the contract rested in parol, and is further sought to be sustained by showing that it was made by one C. R. Ross, as the agent

[George v. Ross et al.]

of the respondent Sarah J. Ross. The alleged agency and reformation of the contract is expressly denied by the respondent. As the bill shows on its face that the principal of the loan was fully paid off and discharged by the admitted payments and the foreclosure of the mortgage, the complainant, at the filing of the bill, could claim no debt against the respondent, Sarah J. Ross, unless the averments of the bill as to the reformation of the contract are sustained by the proof; and to sustain this, of course, the agency of C. R. Ross would necessarily have to be proven.

It is a plain proposition that where the question of agency is a disputed fact, the declarations of the reputed agent are insufficient and incompetent to show the agency; and where, as in this case, the fact of a general and universal agency is relied on, neither a special agency, nor occasional acts outside of the special agency, although recognized and ratified by the reputed principal, are sufficient to establish a universal agency, especially in the face of the sworn denial of the alleged principal.

If it be conceded that C. R. Ross had the management and control of the business of Ross & Co., which was the carriage-shop business and admitted to be owned by Mrs. Sarah J. Ross, no authority as agent, to agree and consent to the reformation of the contract of loan, could be inferred from the management and control of said business, such reformation of the contract of loan not being within the scope of the authority and employment of said C. R. Ross as the manager of said business of Ross & Co. We think the weight of the evidence is decidedly against the theory of a universal agency of C. R. Ross as sought to be established by the complainant.

The bill alleges an expense account, in attorney's fees and advertisement, of $160, incident to the foreclosure of the mortgage, which, it is averred, should be deducted from the price bid at the foreclosure sale, but no proof whatever was offered to sustain this charge.

The proof shows, that the loan was made; that the contract was tainted with usury; that the principal

[Callahan *et al.* v. Nelson *et al.*]

of the loan has been repaid; while, on the other hand, the averments of the agency of C. R. Ross to reform the contract are not sustained by the evidence. On this theory of the case, the decree of the chancellor dismissing complainant's bill on the facts was properly rendered. This view of the case renders it unnecessary to consider other questions raised in argument.

Let the decree of the chancellor be affirmed .