# Philips & Buttorff M'f'g Co. *v.* Wild Brothers.

## *Action on Verified Account.*

[DECIDED JUNE 3, 1905.]

1. *Pleadings; Omission from Record; Effect of.*—Where pleadings are not disclosed by the record, the question of error, *vel non,* in the rulings of the trial court with reference thereto, cannot be considered on appeal.

2. *Agent; Warranty; Burden of Proof.*—When a vendee is the actor in a suit against a vendor on a warranty given by an agent of the vendor, the burden of proof, as to the authority of the agent to make the warranty, is on the vendee.

3. *Same; Same; Same.*—When a vendor is the actor in a suit against the vendee for the price of chattels sold, he is bound by the representations of his agent in making the sale. The vendor cannot ratify the sale in part, and reject it in part.

4 *Same; Same; Same.*—When a vendor is the actor in a suit against the vendee for the price of chattels sold, and the ven-

dee undertakes to establish a set-off arising from a breach of warranty made by the agent of the vendor under a former contract, the burden of proof is on the vendee to show the authority of the vendor's agent to make such warranty.

APPEAL from Conecuh Circuit Court.

Heard before the Hon. J. C. RICHARDSON.

The suit in this case was commenced before a justice of the peace by Phillips & Buttorff M'f'g. Co., to recover of Wild Brothers the price of certain stoves sold by plaintiff to defendant. A judgment was rendered in favor of defendant, and plaintiff appealed to the circuit court of Conecuh county. Upon the trial in the circuit court, the plaintiff filed a complaint on a verified account for merchandise sold to defendant. The defendant pleaded the general issue, and interposed a number of pleas claiming set-off. The counter-claims, as shown by the pleas, had accrued prior to the commencement of the account upon which the present suit is founded. Demurrers were interposed to the several pleas of set-off, several of which were sustained and others overruled. The record shows that the defendants, by leave of the court, amended their pleas, and that issue was joined. In what manner the pleas were amended is not disclosed nor were any demurrers filed to the amended pleas.

W. H. Wild, a member of defendant's firm, being introduced as a witness for defendant, testified that the defendant had purchased from plaintiff certain articles of merchandise, under a warranty that they would not break and would give satisfaction to customers. That defendants sold said articles under a like warranty, and had to make repairs at their own expense and to retake others entirely, all of which articles had been paid for by the defendants; and the articles so retaken by defendants were then held subject to plaintiff's order. The witness was asked by defendant's counsel: "Was there any condition or agreement made by you with the agent or salesman of the plaintiff in regard to these stoves at the time you purchased them; was there any guarantee at the time made you by him?" The plaintiff objected to this question on the ground that the agent was not shown to have authority to make any

[Philips & Buttorff Mfg. Co. v. Wild Brothers.]

warranty, and that the warranty was not in writing. The objection was overruled, and plaintiff excepted. The witness answered, in part: "Yes sir, the agent from whom we bought them, at the time of the purchase, guaranteed that the stoves would give entire satisfaction to our customers; and in case they did not, we were to take them back and charge same to plaintiff." On cross-examination, witness admitted the correctness of the account involved in the present suit, except the item for protest fees; and that, with that deduction, the amount shown should be subtracted from the sum due defendant by plaintiff on account of breach of warranty.

There was a judgment for defendant, and plaintiff appealed to the supreme court, assigning as error the failure of the court to sustain plaintiff's demurrers to defendant's pleas; and also the overruling by the court of plaintiff's objection to the question to the witness, Wild, above set out, with reference to the warranty made by plaintiff's agent at the time of the sale of a former bill of goods, out of which the off-sets are said to have arisen.

The foregoing is practically all the evidence relevant to the points noticed in the opinion. The judgment of the lower court was affirmed, but a subsequent application for a rehearing was granted, the judgment of affirmance set aside, and the cause reversed and remanded.

J. F. JONES, for appellant.

No counsel marked as appearing for appellees.

SIMPSON, J.—The record in this case shows that the defendants, by leave of the court, amended their pleas, and issue was joined. No demurrers were filed to the pleas as amended, and the record does not show what the amendments were. Consequently this court cannot say what pertinency the demurrers to the pleas before amendment had.

For the same reason we cannot say that the court erred in allowing the witnesses Wild to testify about the "Pieces of stoves which defendants claimed were broken," although the 6th original plea did make claim

for such pieces. As to the other ground of the 5th assignment, the witness had testified that Featherstone was the agent of plaintiff who sold him the goods, and the point was made that it was improper to allow proof of representations, agreements, or guaranties made by the agent of plaintiff in the sale of the goods, without first proving that he had authority to make such representations, agreements, etc.

This is a point in regard to which there is some confusion in the authorities, and we hold that while it is true that, when the vendee is the actor in a suit against the vendor on a warranty given by an agent of the vendor in the sale of chattels, it devolves upon the plaintiff to show that the agent had authority to make the warranty either by direct proof, or by proof of a general custom to that effect.—*Herring, Ferrell & Sherman v. Scaggs,* 62 Ala. 18; s. c. 73 Ala. 446.

Yet, where the agent, in selling chattels for the vendor, makes representations, agreements or guaranties, as a part of the contract of sale, and suit is brought by the vendor against the vendee, he is bound by the agreement of the agent. He cannot ratify the contract of sale in part and repudiate it in part. It is his duty to ascertain, and not the duty of the purchaser to inform him, what representations have been made by the agent. *Williamson v. Tyson,* 105 Ala. 644, 653; *Atwood v. Wright,* 29 Ala. 346, 351-2; *Elwell v. Chamberlain,* 31 N. Y. 611, 619, 620; *Rogers v. Empkie Co.,* 24 Neb. 653; *Busch v. Wilcox* (82 Mich. 336), 21 Am. St. Rep. 563; *Haskell v. Starbird* (152 Mass. 117), 23 Am. St. Rep. 809.

It appears from the evidence that the off-set which the defendants claim on account of failure in the guaranty made by the plaintiff's agent, were on items purchased by the defendant previous to the commencement of the account sued on in this case. Consequently, it was incumbent on the defendant to prove the authority of the agent to make the guaranty. There being no proof of such authority the testimony in regard to these items, showing the guaranty, should have been excluded.

The application for rehearing is granted, the judgment of the court is reversed and the cause remanded.

McClellan, C. J., Tyson and Anderson, JJ., con-
curring.