[Tilley v. Bartow.]

# Tilley *v.* Bartow.

*Assumpsit.*

(Decided May 15, 1913.   62 South. 330.)

1. *Contract; Modification; Oral Agreement.*—A stipulation in a written contract requiring any changes therein to be made in writing does not have the effect of preventing the parties from terminating such a contract, and making a new verbal one, if neither the old nor the new contract was within the influence of the statute of frauds.

2. *Same; Construction; New Contract.*—The testimony of defendant concerning the conversation between him and plaintiff after the execution of the written contract of employment to write insurance, that it was stated and agreed distinctly that defendant should receive a specified salary whether he wrote any business or not, supported a finding that defendant's services were rendered under a new contract to that effect, and did not show merely his version of the contract, or the construction he placed thereon.

3. *Appeal and Error; Review; Error Favorable to Appellant.*—Although the jury found a verdict in favor of defendant on his plea of set off, an entry of a judgment for plaintiff for the amount of the verdict found for defendant could not be complained of by plaintiff on appeal.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. P. Tilley against H. T. Bartow in assumpsit. From a judgment entered for plaintiff, he appeals. Affirmed.

J. M. CHILTON, for appellant. Counsel discusss errors assigned, but without citation of authority.

JOHN R. TYSON, for appellee. To take advantage of informalities or inaccuracies in the verdict, objection should be made before the jury is discharged.—*Marianna Mfg. Co. v. Boone,* 45 South. 750. If the judgment is void, then the appeal should be dismissed.—*Wertheimer v. Ridgeway,* 157 Ala. 398; *Adams v. Wright,* 129

Ala. 305. It is the judgment pronounced by the court upon the verdict from which an appeal lies, and not the verdict of the jury although in proper form.—Sec. 2837, Code 1907; *Quinn v. State,* 121 Ala. 38. The right to modify or rescind the written contract by a subsequent parol agreement is undoubted, unless in violation of the statute of frauds.—*Humbree v. Glover,* 93 Ala. 622; *Mylin v. King,* 139 Ala. 319. Whether the modification was made or the contract was changed, was for the jury under the evidence.—*So. I. & Equip. Co. v. Holmes,* 164 Ala. 517.

WALKER, P. J.—The judgment entry in this case, after reciting the rendition of a verdict finding in favor of the defendant on his plea of set-off and assessing his damages at the sum of $78.80, shows that the court rendered judgment in favor of the plaintiff against the defendant for the sum of $78.80 and the costs of suit. No tenable theory has been suggested, and none has oc curred to us, on which we could be justified in treating the judgment as one adverse to the appellant( the plaintiff below) and of which he can complain on appeal; the record presenting for review no ruling made in the course of the trial affecting the amount recoverable by him under the evidence adduced. It seems that the judgment as rendered was one which was a subject of objection, not by the party in whose favor it was rendered, but by his adversary, who won in the verdict but lost in the judgment entered on it, and that the lack of correspondence between the verdict and the judgment could properly be complained of by the latter, but not by the former.

But, assuming that the appellant can be heard to complain of the verdict, though it was not made the basis of a judgment against him, still the complaint

[Tilley v. Bartow.]

made against it cannot be sustained. The assumption indulged by the appellant is that the relations and rights of the parties were governed exclusively by the written contract which he offered in evidence. The fault in this assumption is that it ignores the existence of evidence in the case which was introduced without objection and which had a tendency to prove that the dealings between the parties were had under a contract different in material respects from the one disclosed by that writing.

It is not to be doubted that the original agreement evidenced by the writing was subject to be altered or modified by the mutual consent of the parties to it, and that a stipulation in it requiring changes to be made in writing did not stand in the way of the parties ending the written contract by making a new verbal one which contradicted it; neither the old nor the new contract being within the influence of the statute of frauds. —*Prestwood v. Eldridge,* 119 Ala. 72, 24 South. 729; *Security Mutual Life Insurance Co. v. Riley,* 157 Ala. 553, 47 South. 735; Jones on Evidence, § 442.

The testimony of the defendant was such as to furnish support for a finding that his services for the plaintiff were rendered under a contract entitling him to a salary of $175 a month, whether he wrote any insurance or not; that he rightfully terminated the contract because of the plaintiff's failure to pay the salary when due; and that the unpaid balance due him as salary was the amount awarded to him by the verdict. We cannot assent to the suggestion made in the argument of the counsel for the appellant that that testimony does not show that the original contract was modified or a new one made, but merely shows the version of the witness as to how the contract was construed after it was entered into. The witness, after stating that he

41 CA

complained to the plaintiff several times that the contract as written did not state the agreement between them, proceeded to detail a conversation he had with the plaintiff in which it was distinctly stated and agreed to that the defendant was to be paid $175 per month as a salary, whether he wrote any business or not. That conversation shows the understanding then reached by the parties to it as to the terms on which one of them was to render service to the other.

We are of opinion that the verdict was supported by evidence submitted without objection for the consideration of the jury, and that it has not been made to appear that the court was in error in refusing to set it aside.

Affirmed.