# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1914-15
AND
OCTOBER TERM 1915-16

## Reeves *v.* The State.

*Murder.*

(Decided April 15, 1915.   68 South. 569.)

1. *Homicide; Self-Defense; Provocation.*—Where defendant's own evidence showed that he went up to deceased, who was quietly standing in a house where a dance was in progress, and asked him if he meant what he said—defendant having heard that deceased had threatened to kill him—whereupon the fatal encounter immediately ensued. the defendant provoked the difficulty, and cannot invoke the right of self-defense.

2. *Same; Instructions.*—Where the evidence shows without conflict that defendant could not invoke the defense of self-defense, any error in charges as to the elements of self-defense is harmless.

3. *Appeal and Error; Review; Bill of Exceptions.*—Where the bill of exceptions did not set out the charge, a statement therein, relative to such charge, that the court defined and explained to the jury the law of self-defense, must be taken to mean that the court correctly defined and explained the law.

4. *Charge of Court; Inapt.*—Where in one part of the charge the court correctly stated the law of self-defense, error in the charge that defendant must avoid the difficulty if possible and retreat if possible, without any qualification of the word "possible" would not require a reversal, since it rendered the charge misleading at most, and the duty was on defendant to correct any misleading tendency by requesting counter instructions.

APPEAL from Lawrence Circuit Court.

Heard before Hon. A. H. ALSTON.

1—13

Jack Reeves was convicted of murder, and he appeals. Affirmed.

CALLAHAN & HARRIS, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The facts necessary to a proper understanding of the case will be found in the opinion on the former appeal of the case. See *Reeves v. State,* 186 Ala. 14, 65 South. 160.

The only questions insisted upon on this appeal as constituting error relate to certain exceptions taken to parts of the oral charge of the court in defining the duty under the law of self-defense of the defendant to retreat and avoid the difficulty.

(1) If the evidence of the state be believed, there was no element of self-defense in the case, and, if the defendant's testimony and that of his witnesses be accepted, the defendant (armed with a knife, and having heard that the deceased, had threatened his life) went up to the deceased, where he was quietly standing in the room of a house of a third party where a neighborhood dance was in progress, and accosted him and asked him if he meant what he said about his threat to kill him, and immediately following this the fatal encounter ensued. It seems to us that the conduct and remarks of the defendant towards the deceased just before the killing, as evidenced by his own testimony, were of such nature and character as to tend to provoke the difficulty and to precipitate the apparent necessity to take life, if such necessity there was. "This being true," as said by the court in the opinion in the case of *Stallworth v. State,* 146 Ala. 8, 15, 41 South. 184, 186, "he cannot invoke the protection

which the law accords to those who take human life in defense of their person. A slayer of a human being must not be unmindful of his words or acts on the occasion of the homicide which are likely to produce the deadly combat. And if by his acts, words, or conduct he shows a willingness to enter the conflict, or if by his words or acts he invites it, he must be held to have produced the necessity for slaying his adversary, and cannot invoke the doctrine of self-defense." The evidence without conflict, taken as a whole, giving due weight and a fair interpretation to the defendant's own admissions, leads to the legal conclusion that the defendant was not entirely free from fault in provoking or bringing on the fatal difficulty.

(2) Even if it be conceded that the court in its oral charge incorrectly stated the rule of law as to one of the elements of self-defense, the court was under no duty to charge on the law of self-defense when the evidence without conflict showed that the defendant was not entitled to invoke that doctrine. Consequently, any error of the court in charging on the constituent elements of that defense would be nonprejudicial, and would not authorize a reversal.

(3, 4) But, aside from what we have said, we do not think the record shows reversible error. That part of the oral charge to which an exception is noted, as set out in the transcript, is as follows: "He must have avoided the difficulty, if possible. His danger must have been imminent. He must retreat from the difficulty, if possible to do so with safety to his person without increasing his danger."

The criticism and exception are directed at the court's use of the word "possible," as exacting a higher degree of the defendant in the connection in which it is used

:as above set out than the law requires. The oral charge
·of the court is not set out as a whole, but it is recited
in this same connection in the bill of exceptions that
·"the court defined and explained to the jury the law of
·self-defense." This statement in the bill of exceptions
·can only mean, when given the proper construction as
there used, under the well-known rules of construing
bills of exceptions, that the court correctly defined and
·explained the law of self-defense. If so, and also in an-
·other part of the oral charge, in charging upon the same
matter with respect to the law of retreat, the court used
language that might be construed as requiring that the
defendant, in avoiding a difficulty or declining a com-
bat, is required to use all possible avenues of avoidance
·or retreat, without regard to whether they are such as
would be apparent to a reasonable man and available
to him in the exercise of reasonable prudence without in-
·creasing his real or reasonably apparent danger, this
would not authorize a reversal; for, under the rule re-
·quiring the oral charge to be construed as a whole, no
part of the charge is to be considered as dissociated from
·other parts of the charge, and, if some sentence, taken
·alone and unexplained, is erroneous or subject to criti-
·cism for inaccuracy, this is not enough to require a re-
versal of the judgment, if the court has fairly stated the
proposition correctly in other parts of the charge.—*Wil-
liams v. State,* 83 Ala. 68, 3 South. 743; *McMurphy v.
State,* 4 Ala. App. 20, 58 South. 748; *W. U. Tel. Co. v.
Snell,* 3 Ala. App. 263, 56 South. 854. Construed under
the rule stated, the excerpt from the charge made the
basis of exception, at most, was but misleading, and the
·duty was upon the defendant to correct any misleading
tendency that portion of the charge might have, by ask-
ing written charges covering the point. That the de-

fendant received the full benefit from adopting such a course is manifest from an examination of the written charges which are set out in the transcript that were given at his request.

No other question is discussed by counsel for defendant in brief, and an examination of the record discloses no reversible error, nor any other matter meriting discussion.

Affirmed.