# Capital Security Co. *v*. Owen.

### Assumpsit.

(Decided May 18, 1916. 72 South. 8.)

1. **Appeal and Error; Review; Exception.**—On appeal the bill of exceptions must affirmatively show that exceptions to a part of the oral charge were taken pending the trial and before the jury retired.

2. **Same; Presumptions.**—All presumptions are that the trial court committed no errorr.

3. **Same; Showing Error.**—Where the record showed that after an exception had been taken to a part of the court's oral charge, the court concluded its oral charge, it affirmatively appears that the exception was taken pending the trial, and before the jury retired.

4. **Principal and Agent; Liability to Third Person; Ratification.**—Where an agent sells chattels and makes guarantees, agreements, or representations as part of the contract of sale, or inducement thereto, and the principal brings suit thereon against the purchaser, the principal is bound by such guarantee, agreements, or representations.

[Capital Security Co. v. Owen.]

5. **Same; Agency; Proof.**—The burden of proving agency rests upon the party affirming it.

6. **Building and Loan Association; Subscription; Contract.**—Where the purchaser of a building and loan contract sues to recover premiums paid, based on fraud or misrepresentation, and such purchaser had signed a contract stating his understanding that the company was not bound by any misrepresentation made by its agents, the purchaser was bound by its terms unless he was prevented from reading the contract by the fraudulent representations of the seller, or of the seller's agent.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by George F. Owen against the Capital Security Company. Judgment for plaintiff, and defendant appeals. (Transferred from the Court of Appeals under section 6, p. 449, Act April 18, 1911.) Reversed and remanded.

The contract was what is known as the Home Purchasing Investment Contract, and contained the following: . "I make this application expressly and solely upon the terms and condition of said contract, and the option, provisions, and requirements set forth on the back and made a part thereof, and not on the faith of any statement, promise, or undertaking or guaranty on the part of the assignor or any other person. I understand that no agent of the Capital Security Company, nor any other person, is acting as the agent for the Capital Security Company in the sale of this contract to me. I understand that the Capital Security Company is not bound by any representation, promise, or statement of any person whatever, altering, changing, or modifying the contract in any particular."

The suit was for premiums paid and based on the fraud and misrepresentations of the agent selling the contract.

EDWARD S. WATTS, and R. H. & R. M. SMITH, for appellant. BOYLES & KOHN, for appellee.

THOMAS, J.—The plaintiff's cause was tried in the law and equity court upon the common count for money had and received. The defendant pleaded, in short by consent: (1) the general issue; (2) estoppel; and (3) waiver of the fraud.

To the refusal of the court to give charges requested in writing by the defendant, as well as to the giving of the portion of the general charge excepted to, error is assigned.

The appellee insists that by the act of September 25, 1915, charges in writing moved for by either party become a part of

the record, and must be presented for review as a part of the record, and not by bill of exceptions. The proper construction of this act under the adjudicated cases (*Petty v. Dill,* 53 Ala. 641; *Conway v. Clark,* 171 Ala. 391, 55 South. 117; *Diggs v. State,* 77 Ala. 68; *Irby v. Kaigler,* 6 Ala. App. 91, 60 South. 418) is not now presented. The trial was had, the bill of exceptions presented to and signed by the trial judge, and the appeal perfected, before the passage of the act.—Gen. Acts 1915, p. 815.

(1-3) The bill of exceptions must affirmatively show that exception to a part of the oral charge was taken pending the trial, and before the jury retired. All the presumptions are that the trial court committed no error.—*City of Montgomery v. Gilmer,* 33 Ala. 116, 70 Am. Dec. 562; *Reynolds v. State,* 68 Ala. 502; *Moore v. State,* 146 Ala. 687, 40 South. 345; *Meadows v. State,* 182 Ala. 66, 62 South. 737, Ann. Cas. 1915D, 663. We are of the opinion that the record affirmatively shows that the exception to the part of the oral charge was taken pending the trial and before the jury retired. After the exception was taken, the court concluded the oral charge.

When the part of the charge excepted to is considered with the whole of the oral charge, it is obvious that no error was committed by the trial court in the oral charge.—*Williams v. State,* 83 Ala. 68, 3 South. 743; *Decatur Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646; *Reeves v. State,* 13 Ala. App. 1, 68 South. 569.

(4) It has long been the law where the agent, in selling chattels for the vendor, makes guaranties, agreements, or representations as a part of the contract of sale, or inducement thereto, and suit is brought by the vendor against the vendee, the latter is bound by the guaranties, agreements, or representations of the agent.—*Philips & Buttorff Mfg. Co. v. Wild Bros.,* 144 Ala. 545, 39 South. 359; *Gilliland v. Dunn &. Co.,* 136 Ala. 327, 34 South. 25; *Holman v. Calhoun,* 146 Ala. 690, 40 South. 356; *Williamson v. Tyson,* 105 Ala. 644, 17 South. 336; *Atwood v. Wright,* 29 Ala. 346.

The *Philips & Buttorff Mfg. Co. Case* is cited in 31 Cyc. 1259, with many authorities, to the effect that the principal cannot ratify a contract made for him by an agent, without also ratifying and becoming bound by the terms and conditions, although unauthorized, upon which it was made, nor ratify, without ratifying the representations and warranties, and all other instrumentalities employed by the agent as an inducement to effectuate or bring about the contract.—31 Cyc. 1259.

·(5) The burden of proving the agency rests upon the party affirming its existence.—*Ebersole v. So. B. & L. Ass'n*, 147 Ala. 177, 41 South. 150; *George v. Ross*, 128 Ala. 666, 29 South. 651; *Sellers v. Com. Fire Ins. Co.*, 105 Ala. 282, 16 South. 798; *Spratt v. Wilson*, 94 Ala. 608, 10 South. 209. So, of one who would relieve himself from personal liability on the ground of agency. —*Gillaspie v. Wesson*, 7 Port. 454, 31 Am. Dec. 715. And it also applies to one who would charge another as principal with the act of an alleged agent.—*Ebersole v. So. B. & L. Ass'n, supra; Philips & Buttorff Mfg. Co. v. Wild, supra; George v. Ross, supra; Spratt v. Wilson, supra.*

In *Fulton v. Sword Medicine Co.*, 145 Ala. 331, 40 South. 393, where the suit was based upon a written order, signed by the defendant, addressed to the plaintiff, by which the defendant ordered certain goods at specified prices, and wherein it was stated that "none of the medicine shall be returned for credit," and "I, or either of us, accept this order on terms stated above. There is no verbal agreement aside from this order, of which I have a duplicate,' the court said: "The order signed by defendant, when accepted by the plaintiff, constituted a contract, which the parties had reduced to writing, and the defendant could not contradict the same by parol testimony. While it is true that, where goods are sold by an agent, the general rule is that, if the principal 'seeks to avail himself of the benefits of the contract made by his agent, he is bound by the representations made by the agent.'—*Gilliland v. Dunn*, 136 Ala. 327, 34 South. 25; *Williamson v. Tyson*, 105 Ala. 644, 17 South. 336. Yet this does not contravene other recognized principles of law. 'The doctrine of apparent authority can be invoked only by one who has been misled to his detriment by the apparent authority of the agent.' —*Patterson v. Neal*, 135 Ala. 482, 33 South. 39. And when a traveling salesman sells goods to a customer and the customer signs a written order to the principal, stating distinctly, as in this case, that 'none of the goods shall be returned for credit,' and that 'there is no verbal agreement aside from this order,' it shows notice to him that the agent has no authority to make any verbal agreements varying the terms of the written contract; and, if he agrees with the agent that the agent is to inform the principal that he is not to ship the goods unless he agrees to contradictory terms, the principal is not bound thereby, unless the agent informs him before the goods are shipped."

[McLeod v. Garrish.]

This case is followed in *Green & Sons v. Lineville Drug Co.*, 167 Ala. 372, 52 South. 433.

(6) If the appellee signed a writing that embraced the terms of the home investment certificates in the appellant company, he was bound by its terms, unless he was prevented from reading it by the fraudulent misrepresentation of the seller or the seller's agent.—*Wooddy v. Matthews*, 194 Ala. 390, 69 South. 607; *Prestwood v. Carleton*, 162 Ala. 334, 50 South. 254; *B. R., L. & P. Co. v. Jordan*, 170 Ala. 536, 54 South. 280; *Leonard v. Roebuck*, 152 Ala. 315, 44 South. 390.

It is unnecessary to discuss the evidence in this case. It is sufficient to say that after its careful consideration we are of the opinion that the evidence does not bring the case within the influence of *Sou. Loan & Trust Co. v. Gissendaner*, 4 Ala. App. 523, 58 South. 737, but that it is governed by the recent decision of this court in *Capital Security Co. v. Gilmer*, 190 Ala. 340, 67 South. 258.

The defendant was entitled under the evidence to the affirmative charge; and for the refusal of the court to give such written charge at the request of the defendant the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.