(94 South. 132)

**ROBERSON v. STATE.** (8 Div. 911.)

(Court of Appeals of Alabama. June 13, 1922. Rehearing Denied June 30, 1922.)

1. **Criminal law** ⬅️1170(2)—Error in refusing testimony held cured by other testimony.

In prosecution for homicide, any error in the refusal to permit a witness to state that one M. saw certain fruit jars of whisky at the place of the killing was cured by the testimony of M. himself, who afterwards testified as to his seeing the fruit jars of whisky.

2. **Criminal law** ⬅️1137(3) — Instruction regarding color of defendant and deceased held not reversible error when prompted by argument of defendant's counsel.

In a prosecution for homicide, an instruction that, under the laws of Alabama, the negro cannot vote, and the juries of the country

should therefore see to it that the negro gets justice in the courts, was not reversible error where it was prompted by argument of defendant's counsel that the jury could consider the fact that defendant was a white man, that he killed a negro, and that the jury would not convict a white man for killing a negro.

**3. Criminal law ⬥⟹822(1)—Judgment not reversed because a separate part of general oral charge is erroneous.**

The general oral charge of the court must be construed as a whole, and a judgment will not be reversed because a separate part of the charge, standing alone and unexplained, is erroneous, if the charge, construed as a whole, contains correct statements of law.

**4. Criminal law ⬥⟹886—Part of verdict fixing punishment at one year in penitentiary held surplusage.**

Under Code 1907, § 7620, specifying legal punishments, the jury could fix the time at one year, but could not fix the penitentiary as a place of confinement, and that part of the verdict so declaring must be treated as surplusage.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Jess Roberson was indicted of murder in the second degree for the killing of Percy Gorman. He was convicted of manslaughter in the first degree, and he appeals. Affirmed, and cause remanded for proper sentence.

Certiorari denied 94 South. ——.

Jake Gholston, a witness for the state, testified that he was present when Roberson killed Gorman; that the witness, the defendant, the deceased, and some others were drinking together at the place of the killing, and that various of the party had brought whisky with them, some of it being in fruit jars. On cross-examination the witness testified that one Sandy Malone came up with the party prior to the killing, and was asked by defendant, "Sandy saw all these jars of it [whisky]?" The state objected to the question, and was sustained by the court. The witness, continuing, stated: "I never seen Mr. Malone looking at it. * * *"

Travis Williams and William Stell, both of Russellville, for appellant.

The court erred in sustaining the objection to the question propounded to Jake Gholston. The court erred in its oral charge to the jury.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter. •

MERRITT, J. The defendant was convicted of manslaughter in the first degree, and he appeals.

[1] If it could be said that the trial court erred in its ruling in not permitting the witness Jake Gholston to state that one Sandy Malone saw certain fruit jars of whisky at the place where the killing took place, this if error, was cured by the testimony of Malone, who afterwards testified as to his seeing at this place these fruit jars of whisky. The testimony shows the defendant to be a white man, and the deceased to have been a negro man. The record states that—

"During the argument the defendant's counsel told the jury they could consider the fact that the defendant was a white man, and that he killed a negro, and that the jury would not convict a white man for killing a negro."

[2] The defendant excepted, separately, to the following parts of the court's oral charge:

"Gentlemen of the jury, there has been an effort on the part of the defendant in this case to inject race prejudice into it."

"Under the laws of Alabama now the negro cannot vote. He is denied the franchise."

"The juries of the country should therefore see to it that the negro gets justice in the courts."

Serious insistence is made that in each of these statements the court exceeded its rights, both as. to a statement of the facts and the law, and that the effect was highly prejudicial to the defendant.

[3] We are bound to conclude from a consideration of the general oral charge of the court in this case that any reference to the color of the deceased and the defendant was prompted by the argument of the defendant's counsel set out above, and the defendant, having raised the question, cannot now be heard to attack the charge of the court dealing with a question which should have no place in the trial of a case. The law knows no color, nor draws any distinction on account thereof, and it can never serve any good purpose for either counsel or the court, to make reference to such facts. Moreover, the holding is uniform that the general oral charge of the court must be construed as a whole, and a judgment will not be reversed because a separate part of the charge, standing alone and unexplained, is erroneous, if the charge construed as a whole contains correct statements of the law. Decatur Co. v. Mehaffey, 128 Ala. 242, 29 South. 646; Capital Security Co. v. Owen, 196 Ala. 385, 72 South. 8; Addington v. State, 16 Ala. App. 10, 74 South. 846.

The part of the oral charge from which the excerpts excepted reads as follows:

"Now, gentlemen, there has been an effort to inject into this case race prejudice. The colored man is in this country, and he has been deprived in a large measure of the right to vote, he has been deprived entirely of the right to sit on the juries of this country, and

the enforcement of the laws of this country is in the hands of the white people, and it should be enforced with equal justice and equal right to the white man and the colored man alike. And you cannot decide this case on race prejudice or any other issue except whether or not the defendant has been guilty beyond a reasonable doubt; and the one question that rests and abides with you gentlemen is whether or not from the evidence the defendant has been proven guilty beyond a reasonable doubt. If he has it is your duty to convict him; if not it is your duty to acquit him.

"You cannot try the case on the issue that the dead man was a negro, and the defendant is a white man. And there ought not to be injected into a law suit any question of race prejudice, or an attempt to raise it in a courtroom or anywhere else in this country.

"I say the two races are here and they are going to stay here and the question of race prejudice should not be raised in a court for the enforcement of laws or anywhere else. The white man has no more right to kill a negro because he is a negro than he has to kill a white man.

"The defendant has admitted killing the deceased and the only way you can acquit him in this case is on the ground that he was, as I have heretofore said, acting in self-defense. You cannot acquit because the defendant is a white man and the deceased a negro. The only way you are authorized to acquit is on the ground that he acted in self-defense."

It is therefore patent that, whatever may be said of such a charge ordinarily that under the facts in this case it is free from attack, and fairly and correctly presents the issue both for the defendant and the state to the jury. James v. State, 170 Ala. 72, 54 South. 494; Simmons v. State, 14 Ala. App. 103, 71 South. 979.

[4] The jury returned a verdict finding the defendant guilty of manslaughter in the first degree, fixing his punishment at one year in the penitentiary. The fixing of the punishment at one year was in keeping with the law, but the jury, having fixed the time at one year, could not fix the penitentiary as the place of confinement, and that part of the verdict so declaring must be treated as surplusage, and the judgment sentencing the defendant to imprisonment in the penitentiary for not less than 13 nor more than 14 months is erroneous. The statue providing for an indeterminate sentence has no application here. The sentence should be to imprisonment in the county jail or to hard labor for the county for the time fixed by the verdict of the jury. Robinson v. State, 6 Ala. App. 13, 60 South. 558; Washington v. State, 117 Ala. 30, 23 South. 697; section 7620, Code 1907.

The judgment of conviction is therefore affirmed, but the cause is remanded for proper sentence.