L. A. McKEAN AUTO CO., Appellant, v. O'MARRO, Respondent.

(220 N. W. 144.)

(File No. 6311. Opinion filed June 23, 1928.)

*Owen & Hareid,* of Sioux Falls, for Appellant.
*Rice & Rice,* of Flandreau, for Respondent.

POLLEY, J. ·This action is brought to recover possession of a certain Flint touring car, or its value in case the car itself cannot be delivered. Defendant admits that he has possession of the car, but alleges that he purchased the same from plaintiff through a man by the name of G. Bumps, who was the duly authorized agent of plaintiff, and that he is the rightful owner of the said car.

The facts appear to be that plaintiff was an automobile dealer with a place of business in the city of Sioux Falls; that about the month of April, 1924, plaintiff had in its possession a certain Flint touring car of the value of $1,875; that about the 18th day of said month one G. Bumps, who represented himself to be a traveling agent of the Flint Auto Factory, visited plaintiff's place of business in Sioux Falls; that he carried with him a portfolio containing certain papers and literature pertaining to Flint automobiles, similar to that usually carried by factory representatives; and that plaintiff believed him to be a traveling representative of the Flint Automobile Factory. Plaintiff testified that on the following day Bumps returned to plaintiff's place of business and asked permission to use the car in question to go to Canton to visit relatives, stating that he would return in a couple of days, that it was customary to loan cars to factory representatives when they asked for them, and that plaintiff permitted Bumps to take the car in question.

There is no evidence that Bumps went to Canton at all, but that he went to Flandreau instead. At Flandreau he met a man by the name of Gulbranson, who was acquainted with McKean, the manager of the plaintiff company. How Bumps came to meet or become acquainted with Gulbranson does not appear from the

record, but Gulbranson introduced Bumps to several parties, including the defendant, whom he regarded as prospective automobile purchasers. Bumps tried to sell the car to these various parties, and finally did sell or trade it to defendant, receiving in exchange therefor an old Chevrolet car that the evidence shows to have been practically worthless and $1,100 in cash. Bumps got the car on Tuesday, and it was Saturday afternoon or evening of the same week when he finally completed the disposition of it to defendant. McKean testified that during this interval of time he did not know where Bumps was, did not know he had gone to Flandreau, and did not know he had been trying to dispose of the car.

About the time or very shortly after Bumps had completed the sale of the car to the defendant, the said Gulbranson telephoned to plaintiff that Bumps had sold or was about to sell the car. McKean went at once to Flandreau, found defendant, and demanded a return of the car. Bumps disappeared immediately after receiving the $1,100 from defendant, and has not been seen or heard from since.

It is the contention of plaintiff that it never gave Bumps authority to sell the car, and that defendant acquired no right or title thereto by his pretended purchase from Bumps; while, on the other hand, defendant claims that plaintiff had appointed Bumps his agent, with authority to sell the car and take the old car in part payment therefor.

The case was tried to a jury. Verdict and judgment were for defendant, and plaintiff appeals.

■ At the close of the testimony, plaintiff moved for a directed verdict. This motion was denied, and error is predicated upon such denial. The motion for a directed verdict was properly denied. Assuming that the evidence fails to establish the authority of Bumps to sell the car, the value of the car was in dispute, and was a question for the jury.

Error is also predicated upon the refusal of the court to striqe certain testimony from the record, and upon the rejection and reception of certain evidence during the trial.

■ Over proper objection by plaintiff, the court permitted the defendant to show that on two different occasions while Bumps was in Flandreau he went to the telephone office and put in a call

for the plaintiff at Sioux Falls, that the operator connected with the Sioux Falls office and asked for plaintiff, but it was not shown that any conversation was had between Bumps and plaintiff relative to the automobile in question, or that any conversation took place, or that plaintiff ever knew of such call. The inference intended to be drawn from this testimony by the jury, and the inference that probably was drawn by the jury, was that Bumps and plaintiff were in frequent communication relative to the sale of the car, and that Bumps was acting under the instructions of the plaintiff. This testimony was highly prejudicial to plaintiff, and should have been excluded.

 In this case the defendant knew that the car in question belonged to plaintiff, and that, if Bumps had authority to sell the car at all, it must be as agent for plaintiff. This imposed upon defendant the burden of showing the existence and extent of such agency.

"Persons dealing with an assumed agent are bound, at their peril, to ascertain, not only the fact of the agency, but the extent of the agent's authority. They are put upon their guard by the very fact that they are dealing with an agent, and must, at their peril, see to it that the act done by him is within his power. It is their right and duty to ascertain the extent of his power, and to determine whether his act comes within the power and is such as to bind his principal." Merchants' National Bank v. Nichols & Shepard Co., 223 Ill. 41, 79 N. E. 38, 7 L. R. A. (N. S.) 752; Mechem on Agency, § 276; Reynolds v. Ferree, 86 Ill. 570; 31 Cyc. 1643, 1644; Wallis Tobacco Co. v. Jackson, 99 Ala. 460, 13 So. 120; McAtee v. Perrine, 48 Ill. App. 548; T. H. Baker & Co. v. Kellett-Chatham Machinery Co. (Tex. Civ. App), 84 S. W. 661; Philips & Buttorff M'fg. Co. v. Wild Bros., 144 Ala. 545, 39 So. 359; George v. Ross et al, 128 Ala. 666, 29 So. 651.

And in Merchants' National Bank v. Nichols & Shepard, supra, it is said:

"A party dealing with an agent must prove that the facts giving color to the agency were known to him when he dealt with the agent. If he has no knowledge of such facts, he does not act in reliance upon them and is in no position to claim anything on account of them."

In this case the defendant, at the time he dealt with Bumps, knew of no facts whatever showing that Bumps was the agent of the owner of the car other than that Bumps was in possession thereof, and this fact is just as consistent with the fact that Bumps was a mere bailee or perhaps a thief as that he had the authority he pretended to possess. Mechem on Agency, § 752. This language is especially applicable to this case. Defendant knew the car belonged to the McKean Auto Company. He knew the price of the car, for he testified that Bumps told him that fact, and when he purchased the car, he took a bill of sale from Bumps showing the price of the car was $1,875. He also testified that the first price asked for the car by Bumps was $1,500, but finally came down to $1,100 and the old Chevrolet car. These facts alone were sufficient to put a prudent person upon his guard. He could have called the plaintiff over the telephone and learned what, if any, authority Bumps had to sell the car; but he took no precaution whatever to learn the extent of Bumps' authority. He chose to rely wholly upon what Bumps told him, and, when he was asked if he called up the McKean Auto Company to ask if Bumps had authority to sell the car, he said: "No, sir; I was too busy. I didn't have time to."

The record in this case does not purport to contain all the material evidence in the case, but, so far as appears from this record, there was no competent evidence outside of the mere possession of the car by Bumps, that he had authority to sell it or was the agent for plaintiff in any sense whatever.

The judgment appealed from is reversed.

SHERWOOD and BROWN, JJ., concur.

BURCH, P. J., concurs in result.

CAMPBELL, J., dissents.