# AMERICAN AGRICULTURAL CHEMICAL CO. v. LOWERY.

## 3 Div. 41.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied June 22, 1933.

Jones & Jones, of Evergreen, and Ball & Ball, of Montgomery, for appellant.

Hamilton & Jones, of Evergreen, for appellee.

GARDNER, Justice.

In January, 1924, defendant, Lowery, entered into a written contract with plaintiff for the sale of the Bigbee brands of fertilizer on commission and as agent of plaintiff, the goods to be treated as consigned to defendant, and the proceeds of all sales made to be by him kept separate from other funds and promptly remitted. The contract contained stipulations as to settlements, accounting, guaranty of payment of all accounts and notes representing proceeds of sales, storage, insurance, records to be kept, claims of third parties, prices and terms to be designated in writing by plaintiff, and other details unnecessary to note.

There was the further stipulation that the agreement should remain in effect until canceled in writing by either party, and no binding modification of the contract unless confirmed by the manager of the company.

The Bigbee brand fertilizer shipped thereunder to defendant for the year 1924 was fully paid and accounted for. But at the close of that season (1924) defendant discontinued the use of the Bigbee brand, and ordered from plaintiff Sea-Fowl and A. A. brands, making the purchase from year to year on a cash basis; and defendant's evidence tended to show that, for at least the years 1927 and 1929, he paid for the goods in advance of shipment. In 1930, a considerable quantity of these latter brands were shipped defendant and paid for by him according to prices of like fertilizers by reputable manufacturers, prevailing in that community; defendant insisting that he had an agreement, at the beginning of the 1930 season, with plaintiff's sales supervisor, as well as its salesman, that the purchases were to be made at a guaranteed price, that is, at such price as defendant could buy fertilizer of the same kind and character from other reputable fertilizer concerns. That, upon this basis, he had paid for all shipments, is established without dispute.

But plaintiff insists, and offers evidence tending to show there was no such agreement for a guaranteed price, and that the terms of the written contract of 1924 control, with prices as shown on mailed list to govern each shipment.

The suit was originally brought on a verified account, and counts later added for money had and received, and on the written contract. It is plaintiff's theory that the written contract of 1924 remained in effect, as it had never been canceled in writing by either party, and that it controlled the litigation.

Defendant insists that, if the written contract be considered still effective, it was nevertheless subject to modification by mutual consent of the parties (Philips & Buttorff Mfg. Co. v. Wild Bros., 144 Ala. 545, 39 So. 359; Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep.

19; Tilley v. Bartow, 8 Ala. App. 639, 62 So. 330), but that in fact the purchases, the subject-matter of this suit, were not made under said contract but independently thereof.

Plaintiff's testimony tended to show the written contract was modified in one particular only, in that the contract provided for Bigbee brand, and all shipments after 1924 were of other brands. But defendant's evidence tended to show, not a modification of said contract, but its disuse or abandonment, and the fact that purchases and shipments after 1924 were on a cash basis and apparently to defendant as an individual, and not in any representative capacity, adds corroboration to the theory that the account of 1930 bore no relation to the contract of 1924. At best a jury question was thus presented, as well also whether or not there was an agreement for a guaranteed price.

There is suggestion it is not shown that any one with authority made such an agreement as to guaranteed price. Clearly, if the purchases were not made under the written contract, none of its stipulations are here material.

If defendant's testimony is to be accepted, when these purchases were made, there was an agreement with plaintiff's sales supervisor and also its salesman as to the guaranteed price and the goods shipped pursuant thereto, and, in the light of such proof, the plaintiff, as vendor prosecuting the suit for the purchase price, is bound by the agreement of its agents. Philips & Buttorff Mfg. Co. v. Wild Bros., supra; Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Williamson v. Tyson, 105 Ala. 644, 17 So. 336; National Supply Co. v. Southern Creamery Co., 224 Ala. 507, 140 So. 590.

And it is conceded that, if defendant's theory be correct, he has paid in full and owes nothing. Upon the whole evidence a jury case was presented, and the affirmative charge properly refused.

Due consideration has been given the insistence there was error in the denial of the motion for a new trial upon the ground the verdict is contrary to the great preponderance of the evidence. The rule by which this court is guided upon questions of this character is so well known as to require neither restatement here nor citation of authority. We enter into no detail discussion of the proof. Suffice it to say the court in consultation has given the same careful consideration, and that, guided by the rule by which our action is here controlled, the conclusion is reached the ruling of the trial court on this motion should not be disturbed.

The declarations of the agents as to the guaranteed price were admissible (Williamson v. Tyson, supra), and we find noth-

ing prejudicial in the rulings on admission of evidence.

■ One or two rulings on pleadings appear, but they so clearly present no error to reverse as to call for no discussion. Every theory upon which plaintiff sought recovery was presented in the remaining counts upon which the case went to the jury, and it is not insisted any improper defense was permitted to be interposed. The issues were plain and simple, and, if any error as to pleading occurred, it was plainly without prejudice to the rights of either party.

Finding no error to reverse, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.